The defendant assigns as error the judgment of guilty of violation of § 53-295 of the General Statutes, claiming that the bill of particulars and the evidence produced fall short of establishing a violation of the statute.
The state proceeded on the following bill of particulars: "That the accused, Joseph Pac, did accept and receive a bet in the amount of $4.00 on a horse race at the Half Dollar Restaurant, New Britain, Connecticut." The trial court has found that Trooper Metz of the state police came in contact with the accused at the restaurant on many occasions between January, 1961, and April 3, 1961; that on the day in question, pac took a $4 bet from the officer on a horse named Pream, running in the eighth race at Aqueduct; and that the officer gave to the defendant four $1 bills for a "2-2 bet," so-called. The transcript of the evidence reveals that the trooper frequented the restaurant in question over the three-month period; that he and the accused became acquainted, in fact that they bought each other drinks on occasion; that this particular wager was the only one in which the accused was involved during the three months of surveillance; *Page 14 
and that the defendant appeared at his trial pro se. The record indicates that the defendant did not distinctly raise at this trial the defense which he now asserts, namely, that proof of a single wager, without other evidence, is insufficient to justify a conviction under the pool selling statute.
There was no evidence of pool selling other than the receiving of the wager in question. There was no evidence of tally sheets or other paraphernalia incident to such an activity. There was no expert testimony interpreting the evidence and demonstrating that pool selling was involved.
Section 53-295 of the General Statutes is directed against the betting pool. It is not concerned with the single isolated wager. That crime is the subject of § 53-271, entitled "Betting on horse race," and is applicable to a single wager. Pool selling, on the other hand, involves a plurality of wagers. It "consists of the receiving from several persons of wagers on the same event." State v. Fico, 147 Conn. 426,428. On this concept of the pool selling statute, it is manifest that neither the bill of particulars nor the evidence justifies a conviction under the statute. We do not, by this opinion, state that to establish a violation of § 53-295 proof of more than one wager is necessary. We do hold, however, that proof of a single wager, without further facts and circumstances indicative of pool selling, is insufficient.
The defendant did not assert at the trial the defense which he now advances. Section 409 of the Practice Book, which is applicable to appellate procedure in the Circuit Court by virtue of Rule 7.51.1 of the Rules of the Circuit Court, provides that this "court shall not be bound to consider any errors on an appeal . . . unless it appears on the record that the question was directly raised at the trial and was *Page 15 
ruled upon and decided by the court adversely to the appellant's claim . . . ." However, the Supreme Court of Errors has made exceptions to this rule. One such exception is "where the error went to a vital issue in the case." Leary v. Citizens ManufacturersNational Bank, 128 Conn. 475, 479; see Maltbie, Conn. App. Proc. § 307, and cases cited therein. We feel that the error went to a vital issue in the case and should be considered, especially since the defendant was not represented by counsel at his trial.
Because of our ruling on the issue discussed above, consideration of the other assignments of error, such as the defense of entrapment, is not necessary.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.
In this opinion STAPLETON and COHEN, Js., concurred.