For the reasons above stated, the defendant's motion to transfer should be and is denied.

STATE OF CONNECTICUT *v.* MICHAEL MATULA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 14-11484

Argued October 11, 1962—decided March 13, 1963

*William C. Bieluch,* of Hartford, for the appellant (defendant).

*Sebastian J. Russo,* assistant prosecuting attorney, for the appellee (state).

PRUYN, J. In a trial to the jury the defendant was convicted of the crime of pool selling in violation of § 53-295 of the General Statutes. On his appeal, the principal assignments of error are concerned with the overruling of his challenge to the jury array, with the court's rulings on evidence, with the court's charge to the jury and with its denial of his motion to set aside the verdict.

At the outset we are confronted with the defendant's claim of error that the jury panel from which were selected the jury before whom this case was tried was illegally called. Section 51-267 provides in part: "There shall be such sessions of the circuit court throughout the state as are necessary for the adjudication of cases where a jury trial is required . . . and the chief judge shall make the orders and assignments for the maintenance thereof. The chief judge shall schedule jury sessions at such central locations as the facilitation of court business, the convenience of the parties and their counsel and the efficient use of judicial personnel require. He shall designate the area which each jury session shall serve." Circuit Court Rule 6.4.1 provides:

"Jury sessions shall be classified as either (a) regular jury sessions, which shall serve the circuit in which such session is located, or (b) special jury sessions, which may serve any circuit having more than three towns in the county that such jury session is located in, except that (1) a special jury session in the third circuit may serve the fourth circuit; (2) a special jury session in the ninth circuit may serve the sixth, seventh, eighth, fourteenth, fifteenth and sixteenth circuits; and a special jury session in the twelfth circuit may serve the fourteenth circuit." The session at which this case was tried was a special jury session, so designated by the chief judge by notice dated February 16, 1962, which scheduled such session in the fourteenth circuit to hear cases arising in the fourteenth circuit and cases transferred thereto from the thirteenth or sixteenth circuits. Prospective jurors from the towns in these circuits were summoned, and there were available on the panel as finally constituted two jurors from the fourteenth circuit.

The defendant claims that Rule 6.4.1 limits the authority of the chief judge in establishing special jury sessions to those circuits having more than three towns and that since the fourteenth circuit contains only one town this special jury session was illegally designated. In the absence of anything to indicate that Rule 6.4.1 was reported to the General Assembly under General Statutes § 51-14 as a rule modifying, superseding or suspending § 51-267, we must presume that the justices of the Supreme Court of Errors in adopting Rule 6.4.1 intended the rule not to alter the statute but to harmonize with it. It is to be noted that in respect to regular jury sessions the rule uses the mandatory "shall" but that in respect to special jury sessions it uses the permissive "may." This distinction leads us to the conclusion that the primary purpose of the provi-

sion concerning special jury sessions is to lay down directory, but not mandatory, guidelines for implementing the statutory words (§ 51-267) "central locations," "facilitation of court business," "convenience of the parties and their counsel," and "efficient use of judicial personnel." Thus, Rule 6.4.1 harmonizes with § 51-267. A further purpose of the provision concerning special jury sessions is to aid the clerks of the Superior Court in discharging their duty, under General Statutes § 51-227a, of transmitting to the Circuit Court clerks a list of jurors for the area to be served by a jury session; without some guidelines, a clerk of the Superior Court would have no way of knowing where to send the names of the jurors for his county. Finally, it is apparent that the purpose of a special jury session is to expand, not to contract, the area served by a regular jury session. Accordingly, a special jury session includes by implication the circuit where the session is being held, since that circuit is always included in a regular jury session. To hold otherwise would violate common sense and the manifest purpose of the special jury session. The purpose of § 51-267 is to provide jury sessions for the Circuit Court, with the duty imposed on the chief judge to designate the areas to be served thereby, to schedule them at central locations, and to make the necessary orders therefor. To construe the rule as the defendant construes it would result in nullifying the designation of the special jury session made by the chief judge under express statutory authority. We cannot adopt this construction where the rule can be construed so as not to conflict with the statute. The trial court properly overruled the challenge to the array.

The defendant next claims error in the trial court's permitting judgment to enter on an information and warrant which was never returned to court

by the arresting officer. We have searched the record in vain for any evidence to that effect. The record is also completely barren of any objection by the defendant in respect thereto or of any procedural step taken by him to question the validity of the warrant and information. In fact, the record is crystal clear that the defendant objected to being put to plea on a substituted information and insisted in open court upon proceeding to trial on the original information. There is no merit to this assignment of error.

The third assignment, claiming error in the court's denial of the defendant's motion for a directed verdict, was not pursued in his brief or argument and is therefore deemed abandoned.

The defendant next assigns error in the denial of his motion to set aside the verdict on the ground that the verdict was based on evidence of entrapment, that pool selling was not proved, and that the jury were allowed to consider evidence beyond the bill of particulars furnished by the state. The remaining thirty-eight assignments of error have to do with the denial of the defendant's motion to correct the finding, with rulings on evidence, with lack of proof of pool selling and with alleged errors in the charge to the jury and raise questions as to entrapment, pool selling and the scope of the bill of particulars.

In view of the voluminous amount of testimony and the great length of the court's findings, we shall not attempt to detail the claims of proof of the parties, as that would extend this opinion to undue length, but shall merely refer to pertinent portions thereof as occasion requires.

In reviewing the trial court's denial of a motion to set aside the verdict, the appellate court examines and tests the evidence in the same way as the jury

should have done. The verdict will not be disturbed if there is any reasonable ground appearing in the evidence on which the jury might have acted. The trial court acts in the exercise of a legal discretion and great weight must be given to its ruling and all reasonable presumptions resolved in its support. See *Butler* v. *Steck*, 146 Conn. 114, 117; Maltbie, Conn. App. Proc. § 190, and cases cited.

In response to the defendant's motion, the state filed a bill of particulars of the offense charged in the information, specifying that the defendant, in the grill which he operated, informed one Simaitis that he, the defendant, could place horse bets with one Yarsawick, that bets were made in the grill with Yarsawick, with the full knowledge and assistance of the defendant, that this occurred on January 6, 1962, at about 1:40 p.m., and that the defendant, as stated, was concerned in the placing or referring of horse bets. The purpose of a bill of particulars is to give the defendant sufficient information to prepare his defense; Practice Book § 345; thus making the information more complete and at the same time limiting the proof to the particulars specified. *State* v. *DiLorenzo*, 138 Conn. 281, 284. The defendant claims that evidence was admitted over his objection and exception which went beyond the bill of particulars. He also claims that several portions of the court's charge to the jury likewise went beyond the scope of, or were not limited to, the bill of particulars. The record indicates that some of the evidence complained of was elicited by the defendant on the cross-examination of the state's witnesses. In the admission of this and other evidence objected to on this ground we see no error. We cannot say that the evidence went beyond the scope of the bill of particulars. As to the court's charge, the language used was, "Now, Matula, like Yarsawich, is also charged with violation of the pool

selling statute in that he was concerned in the buying and selling any such pools," and again, "The intent expressed by the statute is to make one who participates, is involved, or is in any way connected with the acts prescribed, that is, in placing wagers or bets, or participates in the gambling pool on the outcome of a horse race subject to the penalty of the statute as provided." These and the other portions of the charge excepted to properly instructed the jury in relation to the acts specified in the bill of particulars under the language of the pool selling statute.

The defendant next asserts that the crime of pool selling was not proved. The evidence is clear that Simaitis on January 6, 1962, in the grill operated by the defendant, made three bets at the same time, each on a different horse. Pool selling generally is concerned with the combination of bets or wagers from several persons on the same event, the total sum to be divided among the successful bettors. *State* v. *Fico,* 147 Conn. 426, 428; *State* v. *Pac,* 23 Conn. Sup. 12, 14. In the *Pac* case there was a single wager on a single horse, there was no other evidence of pool selling, such as tally sheets or other paraphernalia incident to such activity, nor expert testimony interpreting the evidence and demonstrating that pool selling was involved, and the court held that proof of a single wager, without further facts and circumstances indicative of pool selling, was insufficient to constitute the crime of pool selling. In the case at bar, there was testimony from an expert witness that the defendant was involved in pool selling, and there were facts and circumstances in the evidence or reasonably and logically deducible therefrom which the jury could reasonably have found as indicative of pool selling.

The errors claimed in regard to the rulings on evidence relate to leading questions, self-serving

declarations, relevancy, credibility, cross-examination, hearsay, best evidence rule, hypothetical questions, etc., and are couched in general terms. We find that these thirty-two rulings either were properly made within the court's discretion or if erroneous involved harmless error.

The final question on this appeal has to do with the defense of entrapment. Entrapment is the inducement by one person to another to commit a crime not contemplated by him, so that a criminal prosecution may be brought against him; if the idea of committing the crime originates in the mind of the other person and the defendant is lured into committing the crime and does commit the crime, although he otherwise would not have committed it, the defense of entrapment is valid. On the other hand, if the idea of the crime originated in the mind of the defendant and he does commit the crime, it is no defense that the opportunity to commit the crime is furnished or that the police made it easier for him to do so. If there is enough evidence so that reasoning minds might disagree, the issue should be left to the jury to determine. *State* v. *Marquardt,* 139 Conn. 1, 7. Without specifying the claims of proof of the parties, suffice it to say that in the instant case the court properly submitted the question of entrapment to the jury under a clear and concise charge based on the *Marquardt* case.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.