JOHN YANNI *v.* LAWRENCE DELPONTE, COMMISSIONER
OF MOTOR VEHICLES
(11304)

LAVERY, HEIMAN and SCHALLER, Js.

Argued February 9—decision released May 18, 1993

*Gerald E. Farrell,* for the appellant (plaintiff).

*Priscilla J. Green,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

HEIMAN, J. The plaintiff appeals from the trial court's judgment dismissing his appeal from the decision of the commissioner of motor vehicles (commissioner) ordering the suspension of his operator's license. The plaintiff asserts that the trial court improperly dismissed his appeal by incorrectly finding that the certified mail notice requirement of General Statutes § 14-227b (g) is directory and that the notice provided did not prejudice him. We affirm the judgment of the trial court.

The facts necessary to resolve this appeal may be summarized as follows. On December 21, 1990, the Wallingford police arrested the plaintiff for operating a motor vehicle while intoxicated. The plaintiff submitted to a breathalyzer test. The first test taken one-half hour after the plaintiff was apprehended showed that his blood alcohol content was 0.152 of 1 percent. A subsequent test taken approximately one hour after the plaintiff was stopped showed that his blood alcohol content was 0.133 of 1 percent. A written report of the arrest and the test results was forwarded to the department of motor vehicles in accordance with subsection (c) of General Statutes § 14-227b.

The plaintiff was informed by the commissioner that his operator's license was to be suspended for ninety days. He was also notified that, if he so requested, he would be afforded a hearing to contest the suspension. After a hearing, the commissioner informed the plain-

tiff by bulk certified mail that his license had been suspended pursuant to the criteria set forth in General Statutes § 14-227b (f).

The plaintiff appealed the commissioner's decision to the Superior Court. He alleged that the commissioner's decision should be reversed because the commissioner improperly sent the notice of the decision by bulk certified mail rather than by certified mail as stated in § 14-227b (g) and improperly found that the arresting officer had probable cause for his arrest. The court found that the provision in § 14-227b (g) for the method of mailing the commissioner's decision to the operator is directory, not mandatory, since it contains no invalidating language.[1] The court also found that the arresting officer had probable cause to arrest the plaintiff. The court refused to overturn the plaintiff's license suspension and subsequently dismissed his appeal. This appeal followed.[2]

---

[1] General Statutes § 14-227b (g) provides: "If, after [a] hearing, the commissioner finds on any one of the said issues [mentioned in subsection (f) of this section] in the negative, the commissioner shall reinstate such license or operating privilege. If, after such hearing, the commissioner does not find on any one of the said issues in the negative or if such person fails to appear at such hearing, the commissioner shall affirm the suspension contained in the suspension notice for the appropriate period specified in subsection (h) of this section. *The commissioner shall render a decision at the conclusion of such hearing or send a notice of his decision by certified mail* to such person not later than thirty-five days or, if a continuance is granted, not later than forty-five days from the date such person received notice of his arrest by the police officer. *The notice of such decision sent by certified mail to the address of such person as shown by the records of the commissioner shall be sufficient notice* to such person that his operator's license or nonresident operating privilege is reinstated or suspended, as the case may be. Unless a continuance is granted to such person pursuant to subsection (f) of this section, if the commissioner fails to render a decision within thirty-five days from the date such person received notice of his arrest by the police officer, the commissioner shall reinstate such person's operator's license or nonresident operating privilege, provided notwithstanding such reinstatement the commissioner may render a decision not later than two days thereafter suspending such operator's license or nonresident operating privilege." (Emphasis added.)

[2] On appeal, the plaintiff does not contest the court's finding that the officer had probable cause to arrest him.

The plaintiff asserts that the trial court improperly found that the certified mail notice requirement of § 14-227b (g) is directory and that he was not prejudiced by the commissioner's failure to send notice by certified mail. He emphasizes the fact that the legislature utilized the word "shall" in the statute when discussing the commissioner's obligation to send notice of the decision to the operator. In the appendix to his brief, the plaintiff attached the United States Postal Regulations that distinguish between certified mail and bulk certified mail.[3] The plaintiff contends that by virtue of the commissioner's failure to send notice by certified mail, his due process rights were violated and he was prejudiced by the loss of his license. He further contends that the ineffective notice had the same effect as the commissioner's not rendering a decision and thus the suspension of his license is ineffective and a nullity. We disagree.

General Statutes § 14-227b (g) provides in pertinent part that "[t]he commissioner *shall* . . . send a notice of his decision by certified mail . . . ." (Emphasis added.) The legislature's use of the word "shall" does not in and of itself create a mandatory duty to perform an action. *Hall Manor Owner's Assn.* v. *West Haven,* 212 Conn. 147, 152, 561 A.2d 1373 (1989); *Caron* v. *Inland Wetlands & Watercourses Commission,* 25 Conn. App. 61, 66, 592 A.2d 964 (1991), aff'd, 222 Conn. 269, 610 A.2d 584 (1992). Statutes are viewed as a whole in order to ascertain the legislative intent.[4] *Ruotolo* v. *Inland Wetlands Agency,* 18 Conn. App. 440,

---

[3] During his hearing before the trial court, the plaintiff did not present evidence to distinguish certified mail from bulk certified mail.

[4] Our Supreme Court noted that "[w]hile we generally will not look for interpretative guidance beyond the language of the statute when the words of the statute are plain and unambiguous . . . our past decisions have indicated that the use of the word 'shall,' though significant, does not invariably create a mandatory duty." (Citation omitted.) *Hall Manor Owner's Assn.* v. *West Haven,* 212 Conn. 147, 152, 561 A.2d 1373 (1989).

448, 558 A.2d 1021, cert. denied, 212 Conn. 806, 563 A.2d 1356 (1989). The test for determining whether a statutory requirement is mandatory or directory is whether the prescribed mode of action relates to a matter of substance or convenience. *Hall Manor Owner's Assn.* v. *West Haven,* supra, 152–53; *Caron* v. *Inland Wetlands & Watercourses Commission,* supra. "Provisions relating to matters of substance are mandatory, whereas provisions designed to secure order, system, and dispatch in the proceedings [are] generally held to be directory, especially when the requirement is stated in affirmative terms unaccompanied by negative words." (Internal quotation marks omitted.) *Caron* v. *Inland Wetlands & Watercourses Commission,* supra, 66–67. Notice of the commissioner's decision regarding a suspension is a matter of convenience notifying the party of the right to appeal. A statutory provision of convenience is mandatory when that provision is accompanied by language that expressly invalidates an action taken after noncompliance with it. *Brown* v. *Smarrelli,* 29 Conn. App. 660, 664, 617 A.2d 905 (1992), cert. denied, 225 Conn. 901, 621 A.2d 284 (1993); *Ruotolo* v. *Inland Wetlands Agency,* supra. The statute here has no invalidating language that would render the commissioner's decision ineffective for failure to mail the decision by certified mail. See footnote 1, supra. The trial court properly found that the method of mailing the decision to the motor vehicle operator is directory, not mandatory, and that the commissioner's failure to mail notice by certified mail does not render the commissioner's decision suspending the plaintiff's license ineffective.[5]

---

[5] The plaintiff cannot establish that he was prejudiced by the commissioner's failure to deliver notice of his decision by certified mail. He concedes that he had actual timely notice of the decision. His claim that he suffered prejudice, the suspension of his license, is without merit. This alleged prejudice is no different from that suffered by a person who received notice by certified mail. The plaintiff therefore suffered no cognizable prejudice, since he had actual notice of the commissioner's decision.

The judgment is affirmed.

In this opinion SCHALLER, J., concurred.

LAVERY, J., concurring. Although I concur in the judgment of the court, I write separately because, under certain circumstances, the form of notice employed by the commissioner could have important due process consequences for the defendant.

General Statutes § 14-227b (g) states that after the suspension of an operator's license is affirmed by the commissioner of motor vehicles following a hearing, the commissioner "shall render a decision at the conclusion of such hearing or send a notice of his *decision* by *certified mail* to such person not later than thirty-five days or, if a continuance is granted, not later than forty-five days from the date such person received notice of his arrest by the police officer. The notice of such decision sent by *certified mail* to the address of such person as shown by the records of the commissioner shall be sufficient notice to such person that his operator's license or nonresident operating privilege is reinstated or suspended, as the case may be. . . ." (Emphasis added.)

In accordance with the statutory mandate of General Statutes § 14-22b (1), the commissioner has adopted regulations to implement the provisions of the statutory scheme embraced by § 14-227b. Of importance to this case is § 14-227b-21 of the Regulations of Connecticut State Agencies, which provides: "The decision of the hearing officer shall be in writing, and a copy of the decision shall be sent to the person who requested the hearing by *bulk certified mail* not later than thirty-five days, or if a continuance is granted not later than forty-five days, after the person received notice of his arrest." (Emphasis added.)

As the plaintiff points out, "certified mail" and "bulk certified mail" are two different procedures. The United States Postal Service recognizes "certified mail" and "bulk mail certified." If a letter is sent by "certified mail," a record exists of both the mailing of the letter by the sender and its receipt by the recipient, who must sign for the letter. United States Postal Service Domestic Mail Manual, Issue 43, Item 912.11. If a letter is sent by "bulk mail certified" a record exists of only the fact that it was mailed by the sender and not of its receipt by the recipient, since the recipient's signature is not required. United States Postal Service Domestic Mail Manual, Issue 43, Item 931.1. As the plaintiff also notes, the distinction between certified mail and bulk mail certified could be crucial if the operator, in later proceedings, is called on to prove whether he had received notice of his suspension.

Section 14-227b-21 of the Regulations of Connecticut State Agencies conflicts directly with the enabling statute, General Statutes § 14-227b. The statute requires that notice of suspension be sent by certified mail, while the regulation requires that the notice be sent by bulk certified mail. I do not believe that the commissioner acted within his authority in promulgating a regulation in direct conflict with the underlying statute. "It is clear that an administrative body must act strictly within its statutory authority, within constitutional limitations and in a lawful manner. . . . It cannot modify, abridge or otherwise change the statutory provisions under which it acquires authority unless the statutes expressly grant it that power." (Citations omitted.) *Waterbury* v. *Commission on Human Rights & Opportunities,* 160 Conn. 226, 230, 278 A.2d 771 (1971). "The power of an administrative agency to prescribe rules and regulations under a statute is not the power to make law, but only the power to adopt regulations to carry into effect the will of the legislature

as expressed by the statute." *Salmon Brook Convalescent Home, Inc.* v. *Commission on Hospitals & Health Care,* 177 Conn. 356, 363, 417 A.2d 358 (1979).

When a statute and regulation conflict, the statute must prevail. In the case of *Strain* v. *Warden,* 27 Conn. Sup. 439, 242 A.2d 90 (1968), a prisoner challenged a rule of the board of parole on the ground that it conflicted with a statute. The statute provided that when a prisoner on parole was in violation of the conditions of his parole, the unexpired portion of that person's prison term was to be determined at the date of the request or order for the parolee's return; the rule, on the other hand, provided that the unexpired portion of the term was to be determined at the date of the prisoner's delinquency. On the conflict between statute and rule, Judge Palmer wrote: "In such a case, obviously the statute must prevail, and the rule must be declared void to the extent that it conflicts with the statute. 73 C.J.S. 422, Public Administrative Bodies and Procedure, § 103; 42 Am. Jur. 355, Public Administrative Law, § 49." *Strain* v. *Warden,* supra, 445. " 'The general rule is well established that [w]here a specified mode of giving notice is prescribed by statute, that method is exclusive.' " *Windsor Properties, Inc.* v. *Great Atlantic & Pacific Tea Co.,* 35 Conn. Sup. 297, 301, 408 A.2d 936 (1979).

It is important to note that the notice requirement of General Statutes § 14-227b (g) could be crucial in a criminal procedure context. General Statutes § 14-215 prohibits operating a motor vehicle while one's vehicle registration or operator's license has been refused, suspended, or revoked. Subsection (c) of § 14-215, which makes direct reference to § 14-227b, provides: "Any person who operates any motor vehicle during the period his operator's license or right to operate a motor vehicle in this state is under suspension or revocation on account of a violation of subsection (a) or sec-

tion 14-227a or section 53a-56b or 53a-60d *or pursuant to section 14-227b,* shall be fined not less than five hundred dollars nor more than one thousand dollars and imprisoned not more than one year, thirty consecutive days of which may not be suspended or reduced in any manner." (Emphasis added.) The legislative history of § 14-227b reveals that when the legislature voted on and passed that section, it concurrently amended § 14-215 to include the words "or pursuant to section 14-227b." The legislature was aware, therefore, that it was approving an overall reform of the drunk driving statutes, including the criminal sanctions for violating § 14-215.

Section 14-215 provides a mandatory jail term and fine for driving while one's license is suspended pursuant to § 14-227b. Whether and when a person received notice of suspension would be crucial to that person's defense were that person to face the severe sanctions provided by § 14-215.

The majority opinion correctly states our well settled test for determining whether a statutory requirement is mandatory or directory, and the proposition that "use of the word 'shall' does not in and of itself create a mandatory duty to perform an action." We recently stated, however, that "[w]here the word 'shall' is employed in criminal procedural rules, it indicates that the requirements that follow are mandatory rather than directory." *Miller* v. *Commissioner of Correction,* 29 Conn. App. 773, 779, 617 A.2d 933 (1992). I believe that the legislature's use of the word "shall" in § 14-227b makes the certified mail requirement mandatory rather than directory in the criminal procedure context of § 14-215.

I agree with the judgment of the majority because under the facts of this case, criminal procedure rules were not implicated. Had they been implicated, how-

ever, I believe that regulation § 14-227b-21 would have been invalid. Because in this case the plaintiff was not prejudiced by the commissioner's use of bulk mail certified to send notice, I concur in the judgment.