[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiffs Crest Pontiac Cadillac, Inc. and Morande Bros., Inc. appeal the decision of the defendant commissioner of motor vehicles denying their protest of the establishment of defendant Gorin's Sports Car Center, Inc. as a new Mazda automobile dealer in the Hartford market area. The commissioner acted pursuant to General Statutes § 42-133dd. The plaintiffs appeal pursuant to § 4-183. The defendants have moved to dismiss the appeal on the basis that the court lacks subject matter jurisdiction. The court finds in favor of the defendants.
Prior to oral argument on the merits of the plaintiffs' appeal, the court raised the question of its jurisdiction as a result of its own examination of the file and record in the case. The defendants immediately filed motions to dismiss based on the claim that the appeal was filed beyond the time limit established by General Statutes § 4-183(c). The court must "fully resolve" any jurisdictional question before considering the merits of the appeal. Castro v. Viera, 207 Conn. 420, 429 (1988).
Section § 4-183(c) provides that a copy of an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury Volunteer AmbulanceCT Page 13305Association, Inc. v. Freedom of Information Commission et al,227 Conn. 848 (1993). The issue in this case is whether the appeal was filed in the court within the forty-five day time period.
The parties do not dispute that the appeal was filed with the clerk of this court on Wednesday, September 14, 1994. What is in dispute is the date and manner of the mailing of the commissioner's final decision. The court held a hearing to obtain evidence concerning those factual issues. At the hearing, the parties presented witnesses who testified, including Lewis Presta, an employee of the legal services division of the department of motor vehicles and David C. Krauss of the U.S. Postal Service. The court also received in evidence affidavits and documentary exhibits.
Based on the evidence adduced at the hearing as summarized above, the court finds the following facts. Employees of the department of motor vehicles mailed copies of the commissioner's final decision to all parties on Wednesday, July 27, 1994. They accomplished the mailing by depositing the copies in the mail at the U.S. Post Office in Wethersfield on that date. All of the parties received their copies of the decision in the mail on Friday, July 29, 1994.
The copies were not sent by registered or certified mail, return receipt requested.
September 14, 1994, the date the appeal was filed in court, is the forty-ninth day after July 27, 1994, the date the commissioner mailed the final decision. That is beyond the forty-five day time limit prescribed by § 4-183(c). Unless there was some fatal defect in the mailing process, therefore, the late filing of the appeal would deprive the court of jurisdiction under the rule of the Glastonbury Volunteer Ambulance Association
case, supra.
General Statutes § 4-180(c) provides in relevant part as follows:
 The final decision shall be delivered promptly to each party or his authorized representative personally or by United States mail, certified or registered, postage prepaid, return receipt requested.
CT Page 13306
The plaintiffs argue that the provision regarding certified mail is mandatory and that the commissioner's failure to comply with it in mailing the final decision negates the commencement of the running of the appeal period. The court disagrees.
In Yanni v. DelPonte, 31 Conn. App. 350 (1993), the Appellate Court considered the effect of nearly identical statutory language. General Statutes § 14-227b(g) provides that the commissioner "shall . . . send a notice of his decision by certified mail." The court held that language to be directory only — not mandatory — because the statute contains no language invalidating action taken without compliance with the provision. Id., 354, citing numerous cases. The statutory provision in question in this case, § 4-180(c), likewise contains no invalidating language. Furthermore, it clearly relates not to a matter of substance but rather is "designed to secure order, system and dispatch in the proceedings," the hallmark of a directory but not mandatory provision.
The court holds that the provision in § 4-180(c) requiring that the agency mail its decision by registered or certified mail, return receipt requested, is directory only. Accordingly, the department's failure to comply with it does not invalidate the mailing nor does such failure defer the running of the statutory appeal period. In so holding, the court does not condone the department's seeming indifference to the statutory directive, and the court notes that the statutory procedure would provide significant benefits in a case where proof of delivery of the decision might be important but otherwise unavailable. Such was not the case here.
Since the appeal was not filed within forty-five days after the mailing of the final decision, the court lacks subject matter jurisdiction over the appeal.
The appeal is dismissed.
MALONEY, J.