[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 11, 1997
Plaintiff Wallace B. Robinson appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The facts essential to the court's decision are not in dispute and are reflected in the record. The only evidence adduced at the administrative hearing was the written report of State Trooper Netkovick. The hearing officer presented and admitted this report over the objection of the plaintiff. The basis of the plaintiff's objection was that the report does not indicate that the police officer before whom the refusal occurred signed the report under oath. The plaintiff cited Conn. State Regs. 14-227b-10 in support of his objection.
The police report indicates that Netkovick arrested the plaintiff on the charge of driving while under the influence of alcohol in violation of General Statutes § 14-227a. Subsequent to the arrest and after physically subduing the plaintiff at a roadside in Ashford, Netkovick transported him to state police headquarters. The report continues, "While at Troop C, the (plaintiff) was processed by Tpr. Duncan #740 and Tpr. Albert #527 . . . Tpr. Duncan requested that the (plaintiff) give a urine test and he refused. The refusal was witnessed by Tpr. Albert. A supplementary report will be submitted by Tpr. Duncan."
Trooper Netkovick signed the report under oath in the space designated for the "arresting officer." Trooper Duncan signed the CT Page 7073 report in the space designated for the "testing officer," but the report does not indicate that he signed it under oath. Trooper Albert also signed the report, in the space designated for the "witness to refusal," and the report does not indicate that he signed it under oath.
Based on the statements contained in Netkovick's report, the hearing officer determined that the plaintiff had refused to submit to the test required by § 14-227b and ordered the suspension of his license as provided in that statute.
The sole basis of the plaintiff's appeal is that the hearing officer wrongly admitted Netkovick's report as evidence in the record. More specifically, the plaintiff argues that Conn. State Regs. 14-227b-10 (a) prohibits the admission of the report. That regulation provides, in pertinent part, as follows:
 The arresting police officer shall prepare a written report of the facts surrounding the person's arrest on a form approved by the commissioner. The report shall be signed and sworn to under penalty of false statement by the officer before whom . . refusal occurred.
The plaintiff argues that the report indicates that the "officer before whom (the) refusal occurred" was Trooper Duncan and although that officer signed the report, he did not do so under oath. Therefore, the plaintiff contends, the report was not admissible. The court disagrees.
The governing authority on the issue raised by the plaintiff in this case is, as the commissioner points out, General Statutes § 14-227b(c). That statute provides, in pertinent part, as follows:
 The report shall be made on a form approved by the Commissioner of Motor Vehicles and shall be subscribed and sworn to under penalty of false statement as provided in section 53a-157b by the arresting officer. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. (Emphasis added.)
Prior to 1993, the statute contained the same requirement as CT Page 7074 the regulation; that is, it provided that the report had to be signed under oath by the "officer before whom such refusal was made." In Public Act 93-371, effective July 1, 1993, however, the legislature changed the statute so that it now requires only that the report be signed under oath by the arresting officer.
Although the regulations have not been changed to conform to the statute, the commissioner correctly points out that in the case of such a conflict, the provisions of the statute, especially if it was enacted subsequent to the regulation, must prevail. Harper v. Tax Commissioner, 199 Conn. 133, 142 (1986);Plourde v. Liburdi, 207 Conn. 412, 417 (1988); Yanni v.DelPonte, 31 Conn. App. 350 (1993), concurring opinion,Lavery, J. at 357, cited by the commissioner. To the extent that the regulation in question conflicts with § 14-227b(c), therefore, it must give way to the statute.
In the present case, the police report plainly conformed to the requirements of § 14-227b(c). It was signed under oath by the arresting officer, and a third person — actually two other persons, Duncan and Albert signed the report as witnesses to the refusal.
Finally, the court notes that even the regulations support the commissioner's argument that the provisions of the statute are paramount in determining the admissibility of a police report. Conn. State Regs. § 14-227b-19 provides
 The written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of Section 14-227b(c) of the General Statutes.
Since the report indisputably conformed to the requirements of the statute, the hearing officer correctly admitted it in evidence.
The court's conclusion that the police report was admissible at the administrative hearing finds additional support in the general rules regarding evidence in such proceedings. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative.Cassella v. Civil Service Commission, 4 Conn. App. 359, 362
CT Page 7075 (1985); aff'd 202 Conn. 28, 33 (1987).
In the present case, the fact that three state troopers signed the police report, one under oath, is sufficient evidence of the reliability of the report to justify its admission under § 4-178, as well as under § 14-227b-19 of the state regulations.
The statements contained in the police report constitute sufficient and substantial evidence to support the hearing officer's determination that the plaintiff refused to submit to the required test.
The appeal is dismissed.
MALONEY, J.