STATE OF CONNECTICUT *v.* ANTHONY J.
TUDISCA, JR.
(AC 19691)

Lavery, C. J., and Spear and O'Connell, Js.

Argued February 21—officially released April 17, 2001

*Toni M. Smith-Rosario*, assistant state's attorney, with whom were *Sarah E. Steere*, assistant state's attorney, and, on the brief, *Kevin T. Kane*, state's attorney, for the appellant (state).

*Gilbert Shasha*, for the appellee (defendant).

*Opinion*

O'CONNELL, J. The state, with permission of the trial court, appeals from the judgment of dismissal of a charge against the defendant of operating a motor vehicle while his operator's license was under suspension in violation of General Statutes § 14-215 (c).[1] The state claims that the trial court improperly held that notice by bulk certified mail did not provide an adequate basis to support a charge of a violation of § 14-215 (c). We reverse the judgment of the trial court.

---

[1] General Statutes § 14-215 (c) provides: "Any person who operates any motor vehicle during the period his operator's license or right to operate a motor vehicle in this state is under suspension or revocation on account of a violation of subsection (a) of section 14-227a or section 53a-56b or 53a-60d or pursuant to section 14-227b, shall be fined not less than five hundred dollars nor more than one thousand dollars and imprisoned not more than one year, and, in the absence of any mitigating circumstances as determined by the court, thirty consecutive days of the sentence imposed may not be suspended or reduced in any manner. The court shall specifically state in writing for the record the mitigating circumstances, or the absence thereof."

The facts necessary for a disposition of this appeal, taken from the parties' oral stipulation, are as follows. The defendant's motor vehicle operator's license was suspended by the commissioner of motor vehicles (commissioner) from February 21, 1998, through August 21, 1998. The commissioner sent notice of such suspension by bulk certified mail to the defendant and his attorney on February 19, 1998. During the period of suspension, the defendant was stopped by Groton police while operating a motor vehicle on a public highway in that town and charged with operating a motor vehicle while his license was under suspension.[2]

The defendant argues that, although notice of the commissioner's decision could be sent by bulk certified mail, such a mailing would not constitute statutory notice to the operator that his license had been suspended and, therefore, he could not be convicted of violating § 14-215 (c). We are not persuaded.

This appeal requires an understanding of the terms "bulk certified mail" and "certified mail." When "a letter is sent by certified mail, a record exists of both the mailing of the letter by the sender and its receipt by the recipient, who must sign for the letter. . . . If a letter is sent by bulk mail certified a record exists of only the fact that it was mailed by the sender and not of its receipt by the recipient, since the recipient's signature is not required." (Citation omitted; internal quotation marks omitted.) *Yanni* v. *DelPonte*, 31 Conn. App. 350, 356, 624 A.2d 1175 (1993) (*Lavery, J.*, concurring).

Prior to its amendment by the legislature in 1993, General Statutes § 14-227b (g) required that the com-

---

[2] The relevant part of the substitute information charged the defendant as follows: "Anthony J. Tudisca, Jr., did operate a motor vehicle on Interstate 95 northbound, a public highway, and Route 117, a public road, during the period his operator's license and right to operate a motor vehicle in this state was under suspension pursuant to Section C.G.S. § 14-227b (refusal to submit to a blood alcohol test) in violation of Section 14-215 (c) of the Connecticut General Statutes."

missioner send notice of his decision by certified mail. The 1993 amendment inserted the word "bulk" before the expression "certified mail" where it first appears in § 14-227b (g).[3]

The notice requirement now appears in subsection (h) of § 14-227b, which provides in relevant part that "[t]he commissioner shall render a decision at the conclusion of such hearing or send a notice of the decision by bulk certified mail to such person . . . . The notice of such decision sent by certified mail . . . shall be sufficient notice to such person that such person's operator's license . . . is . . . suspended . . . ."

A plain reading of the statute shows that the notice of "such decision" refers back to the notice that the prior sentence mandated be sent by bulk certified mail. If the notice is not sufficient to inform the operator that his license has been suspended, then Public Acts 1993, No. 93-371, § 1, which inserted the word "bulk" before the expression "certified mail," was a useless act, and the inserted word is meaningless. That construction would violate the principle that "[s]tatutes should not be construed so that words, phrases or clauses are rendered meaningless." *Wilson* v. *Warden*, 34 Conn. App. 503, 509, 642 A.2d 724, cert. denied, 230 Conn. 908, 644 A.2d 922 (1994). Moreover, it would produce

---

[3] Subsection (g) of General Statutes (Rev. 1997) § 14-227b was redesignated as subsection (h) when the statute was amended effective January 1, 1999. See Public Acts 1998, No. 98-182, §§ 20, 22, We have referred to the subsection by its current designation, (h), throughout this opinion.

The relevant portion of § 14-227b (h) provides: "The commissioner shall render a decision at the conclusion of such hearing or send a notice of the decision by bulk certified mail to such person not later than thirty days or, if a continuance is granted, not later than forty-five days from the date such person received notice of such person's arrest by the police officer. The notice of such decision sent by certified mail to the address of such person as shown by the records of the commissioner shall be sufficient notice to such person that such person's operator's license or nonresident operating privilege is reinstated or suspended, as the case may be. . . ."

a bizarre result if we interpreted the statute to require the commissioner to send notice of his decision by bulk mail, but then to say that if the commissioner wants his decision to have any effect on the operator that he must also send a second notice by individual certified mail. "[T]here is a presumption that the legislature intends to accomplish a reasonable and rational result rather than a difficult and possibly bizarre one." (Internal quotation marks omitted.) *State* v. *Burns*, 236 Conn. 18, 27, 670 A.2d 851 (1996).

This is not the first time that the Connecticut courts have considered this question. In *Yanni* v. *DelPonte*, supra, 31 Conn. App. 350, we held that the operator therein could not prevail on his claim that the commissioner's mailing of the suspension notice by bulk certified mail rather than by certified mail invalidated the operator's suspension. The plaintiff in this case argues that *Yanni* is not dispositive because it was an appeal from an administrative decision rather than a criminal prosecution, as is the case here.

Our Supreme Court's decision in *State* v. *Swain*, 245 Conn. 442, 718 A.2d 1 (1998), destroyed any validity that the defendant's argument might have had. *Swain* was a criminal prosecution involving a charge of operation of a motor vehicle while the operator's license was under suspension in violation of § 14-215. In *Swain*, our Supreme Court rejected a claim that imposition of criminal sanctions mandated notice by certified mail so as to assure that the operator had actual knowledge of the suspension. Id., 462–63.

The defendant's argument also ignores *State* v. *Torma*, 21 Conn. App. 496, 501, 574 A.2d 828 (1990), in which this court held that notice by bulk certified mail was sufficient. *Torma* was based on General Statutes

§ 14-111 (a),[4] which establishes the powers of the commissioner. That statute expressly provides that notice of the commissioner's decisions by bulk certified mail is sufficient. Section 14-111 (a) is also applicable to this case. The 1993 amendment of § 14-227b (g) brought that statute into line with § 14-111 (a).

The court's oral decision recites that if the case went to the jury, it would instruct the jury to the effect that the state must show a mailing by certified mail. Such an instruction would be contrary to existing case law and the plain language of the statute. We conclude that the court improperly granted the defendant's motion to dismiss.

The judgment of dismissal is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

---

[4] The relevant portion of General Statutes § 14-111 (a) provides: "No service of process shall be necessary in connection with any of the prescribed activities of the commissioner, but a notice forwarded by bulk certified mail to the address of the person registered as owner or operator of any motor vehicle as shown by the records of the commissioner shall be sufficient notice to such person that the certificate of registration or operator's license is revoked or under suspension."