JEWEL CARTER *v.* FRANCIS E. D'URSO ET AL.
(3297)

DUPONT, C. J., HULL and MELVILLE, Js.

Argued May 10—decision released September 17, 1985

*Peter A. Kelly,* for the appellants (defendants).
*Michael A. Georgetti,* for the appellee (plaintiff).

MELVILLE, J. This appeal involves the trial court's denial of the defendants' motion to open a judgment of default for failure to appear rendered by the court. The plaintiff commenced an action against the defendants sounding in tort, alleging legal malpractice by the defendants in their failure to prosecute the plaintiff's personal injury action with due diligence, resulting in a judgment of dismissal.

The plaintiff moved to have the defendants defaulted for their failure to appear. That motion was granted on December 22, 1983. Thereafter, the plaintiff claimed the present action for a hearing in damages. A hearing in damages was held on March 20, 1984. The trial court rendered a default judgment on March 22, 1984 against the defendants for $35,000. A motion to open and set aside the judgment by default for failure to appear[1] was filed on April 9, 1984, within three weeks

---

[1] The motion was as follows: "MOTION TO SET ASIDE DEFAULT JUDGMENT Pursuant to Section 377 of the Practice Book, defendants hereby move the court to open and set aside the default judgment rendered in this action on March 20, 1984.

The grounds for this motion are that the defendants have a good defense in whole to this action, and that they were prevented by mistake, accident

of the entry of the default judgment. A hearing on the motion was held on April 23, 1984. The trial court denied the motion on May 16, 1984. The defendants thereafter appealed to this court.

The trial court refused to open and set aside the default judgment because of the defendants' failure to timely comply with General Statutes § 52-212 and Practice Book § 377[2] in that the motion as submitted was not verified nor did it reveal the defendants' defense to the action. The defendants claim that the trial court erred in denying the motion to open and set aside the default judgment because, although they did not literally comply with the statute and the practice book rule, they substantially complied with both provisions by their submission of necessary materials later.

The defendants' motion, although not verified, noted that an affidavit was filed which was incorporated by reference into the motion. The defendant James

or other reasonable cause from appearing to make the same, as set forth more fully in the affidavit attached to this motion as Exhibit A. (To be filed.)
DEFENDANT, FRANCIS E. D'URSO, ET AL."

[2] Practice Book § 377 provides in pertinent part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The court shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin him against enforcing such judgment or decree until the decision upon such written motion."

General Statutes § 52-212 contains substantially similar language. *Eastern Elevator Co.* v. *Scalzi,* 193 Conn. 128, 131, 474 A.2d 456 (1984).

Ferguson filed an affidavit on the day of the hearing while the other defendant, Francis D'Urso, filed an affidavit with the submission of his memorandum of law on the motion. Both defendants, the only witnesses, also testified at the hearing on the motion. The defendant Ferguson testified that he had received nothing with regard to this lawsuit after being served with process. The affidavit and testimony of the defendant D'Urso indicates that he had no notice of the default and the hearing in damages.

The question is whether the trial court abused its discretion in refusing to open and set aside the default judgment because of the defendants' failure to submit an affidavit, disclosing the reasonable cause claimed and in general terms the nature of their defense to the action, with the motion to open the judgment, although such affidavits were presented along with the defendants' testimony prior to the court's decision. *Costello v. Hartford Institute of Accounting, Inc.,* 193 Conn. 160, 166–67, 475 A.2d 310 (1984). Under the circumstances, this court finds that the trial court abused its discretion in refusing to open the default judgment.

The trial court and the plaintiff's reliance on *Lynch v. Imported Cars of Greenwich, Inc.,* 37 Conn. Sup. 676, 435 A.2d 46 (1981) is misplaced. In that case, prior to the trial court's decision, no verified motion or affidavit indicating the nature of the defendant's defense was filed. Here, the trial court, prior to its decision, had received affidavits from both defendants which in general terms indicated the nature of the defense to the action.

What constitutes the timely presentation of evidence in a motion to open a judgment of default was considered in *Costello v. Hartford Institute of Accounting, Inc.,* supra, 168. An affidavit on the nature of the defendant's defense submitted after the trial court's decision,

was held to be untimely and, therefore, the court declined to consider the validity of the defense. Id. The motion to open judgment there was filed with an accompanying affidavit by counsel. At the hearing, the defendant submitted an affidavit and the parties submitted briefs on the motion at which time the plaintiff and his counsel filed affidavits. The court considered the information contained in those affidavits in deciding whether the trial court abused its discretion. By implication, information submitted within that time frame should be considered by the court where the four month limitation is not involved.

A literal reading of Practice Book § 377 and General Statutes § 52-212 indicates that if affidavits are filed instead of a verified motion they should accompany the motion. The statute and the practice book rule are remedial. *Eastern Elevator Co.* v. *Scalzi,* 193 Conn. 128, 134, 474 A.2d 456 (1984). Practice Book § 6[3] provides for a liberal interpretation of the rules "where it shall be manifest that a strict adherence to them will work surprise or injustice." The defendants were well within the four month period when the trial court received the affidavits and heard the testimony. Under these circumstances, the trial court could not reasonably deny the motion because of a procedural deficiency which had been cured prior to its decision.

The uncontradicted testimony and the related affidavits revealed that the defendants did not have notice of the entry of the default or the hearing in damages subsequently held. The safeguards against an erroneous default judgment available to a defendant were vitiated here because of the lack of notice. *Milgrim* v. *Deluca,* 195 Conn. 191, 197–98, 487 A.2d 522 (1985). The lack

---

[3] Practice Book § 6 provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."

of notice satisfied the prong of the test requiring that the party moving to set aside the judgment was prevented from making that defense because of reasonable cause. *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 711–12, 462 A.2d 1037 (1983).

The affidavits submitted and the testimony presented at the hearing disclosed that a good defense to the action existed when the judgment was rendered. The defendant D'Urso testified that the plaintiff could have refiled her action after the dismissal since the statute of limitations had not expired, and he so informed her. The claim, unrebutted at the hearing, was that the defendants' actions were not the proximate cause of the plaintiff's loss of her cause of action. The affidavits submitted by the defendants and their testimony satisfied the requirements of General Statutes § 52-212 and Practice Book § 377. The trial court on this record, therefore, abused its discretion in refusing to open and set aside the default judgment.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.