FRANK J. BROWN *v.* MARIO SMARRELLI
(11077)

DALY, O'CONNELL and HEIMAN, Js.

Argued November 4—decision released December 15, 1992

*Steven L. Seligman,* for the appellant (plaintiff).

*Lois B. Tanzer,* with whom, on the brief, were *Robert E. Kiley* and *Andrew P. Dwyer II,* for the appellee (defendant).

O'CONNELL, J. The plaintiff appeals from a judgment in favor of the defendant following a jury trial. The plaintiff claims that the trial court (1) improperly granted the defendant a continuance, and (2) improperly refused to take judicial notice of a city speed limit. We affirm the judgment of the trial court.

The following facts are pertinent to this appeal. The plaintiff and the defendant were operators of vehicles involved in an accident at an intersection in Hartford. The plaintiff brought the present action claiming that he suffered physical injuries as a result of the defendant's negligence in causing the accident. Trial commenced on Tuesday, October 1, 1991, and on Friday, October 4, the plaintiff completed his case-in-chief. It was anticipated that the defendant would commence his case when the trial resumed on Tuesday, October 8, 1991. Sometime after court adjourned on October 4, the defendant suffered a severe heart attack requiring emergency open-heart bypass surgery.

Defense counsel seasonably informed the court and the plaintiff's counsel of the situation and moved for a continuance when court reconvened on Tuesday, October 8. The court denied the motion as to any witness other than the defendant and, accordingly, defense counsel proceeded with his case. On October 10, when the defendant's case had concluded except for the defendant's testimony, defense counsel moved for a

continuance until the defendant was able to testify. The motion was oral and unaccompanied by an affidavit. See Practice Book § 280.[1]

The plaintiff's counsel objected to the continuance due to the lack of an affidavit, whereupon the court ordered defense counsel to produce such an affidavit. On the following day, defense counsel reported that he had prepared an affidavit but objected to filing it.[2] He claimed that under the circumstances, Practice Book § 280 did not apply because, inter alia, the peculiar circumstances of the case made it impossible for him to confer with his client while preparing the affidavit. His arguments proved persuasive and the trial court reversed its prior ruling and granted a continuance without requiring defense counsel to produce an affidavit.

On October 16, the defendant's treating physician testified that the defendant's condition would render him unable to testify for several weeks. Following argument from both sides, the court ordered the defendant's deposition to be taken on October 28, 1991, with trial to resume on October 29. Pursuant to that order, the defendant's videotaped deposition was taken at his home and played for the jury on the following day, October 29.

[1] Practice Book § 280 provides in pertinent part: "Whenever a motion is made for the . . . continuance of a cause assigned for trial on account of the absence of a material witness, such motion, if the adverse party or the court requires it, shall be supported by an affidavit stating the name of the absent witness . . . and the particular facts which, it is believed, may be proved by him, with the grounds of such belief. The court may refuse to continue such cause if there is no good reason why the party making the request did not make proper preparation to have the witness present or if the adverse party will admit that the absent witness would, if present, testify to the facts stated in the affidavit, and will agree that the same shall be received as evidence on the trial, in like manner as if the witness were present and had testified thereto. . . ."

[2] Although defense counsel had the ordered affidavit with him in court, the plaintiff's counsel failed to request that the affidavit be marked for identification. See *Kraus* v. *Newton,* 211 Conn. 191, 194–95, 558 A.2d 240 (1989).

In his deposition, the defendant testified concerning his speed at the time of the accident. That testimony prompted the plaintiff's counsel to ask the trial court to take judicial notice of a Hartford city ordinance relating to speed limits on city streets. The court denied that request.

No further evidence was offered by either side. The jury returned a verdict for the defendant and the trial court denied the plaintiff's motion to set the verdict aside. The plaintiff appealed.

I

The plaintiff first claims that Practice Book § 280 is mandatory and, therefore, that the defendant's motion for a continuance without a supporting affidavit required denial of the continuance. The relevant portion of § 280 provides: "Whenever a motion is made for the . . . continuance of a cause assigned for trial on account of the absence of a material witness, such motion . . . *shall* be supported by an affidavit . . . ." (Emphasis added.) The principles of statutory construction apply to the interpretation of the rules of practice. *Grievance Committee* v. *Trantolo,* 192 Conn. 15, 22, 470 A.2d 228 (1984).

In support of his argument, the plaintiff relies on the general rule of statutory construction that "shall" connotes a mandatory duty as contrasted with "may," which implies permissive action. *Caulkins* v. *Petrillo,* 200 Conn. 713, 717, 513 A.2d 43 (1986). Connecticut courts have consistently demonstrated "a disposition to look through the literal meaning of words and forms of procedure to the essential purposes to be served." (Internal quotation marks omitted.) *Tramontano* v. *Dilieto,* 192 Conn. 426, 433, 472 A.2d 768 (1984), quoting *Connors* v. *New Haven,* 101 Conn. 191, 198, 125 A. 375 (1924). "The use of the word 'shall,' though significant, does not invariably create a mandatory duty

. . . ." *Weiss* v. *Newtown,* 4 Conn. App. 200, 203, 493 A.2d 273 (1985), quoting *Tramontano* v. *Dilieto,* supra, 433.

We determine whether a statute is mandatory or directory by testing "whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. . . . If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words." (Citations omitted; internal quotation marks omitted.) *In re Adrien C.,* 9 Conn. App. 506, 510, 519 A.2d 1241, cert. denied, 203 Conn. 802, 522 A.2d 292 (1987), quoting *Fidelity Trust Co.* v. *BVD Associates,* 196 Conn. 270, 278, 492 A.2d 180 (1985).

The purpose of § 280 is to allow trials to proceed without unnecessary delay caused by absent witnesses.[3] Thus, because it is "designed to secure order, system and dispatch in the proceedings"; *In re Adrien C.,* supra; it meets the test of being directory in nature. This is especially true where, as here, the provision is stated in affirmative terms unaccompanied by negative terms and without any provision that would "invalidate action upon a failure to comply." (Internal quotation marks omitted.) *In re Adrien C.,* supra, 511.

---

[3] Practice Book § 280 works to the benefit of the party opposing a motion for continuance by permitting that party to admit that the absent witness would testify as stated in the affidavit. *Allen* v. *Chase,* 81 Conn. 474, 478, 71 A. 367 (1908). The purpose of the affidavit, therefore, is to enable the adverse party to avoid a continuance, not to enable the moving party to secure a continuance. Id.

The plaintiff's argument for a strict construction of § 280 neglects a fundamental tenet of trial jurisprudence. It is axiomatic that the judge must have wide discretion and control of the proceedings before the court and the granting or denial of a continuance will be set aside only if a clear abuse of the trial court's discretion is shown. On appeal, we will make every reasonable presumption in favor of the proper exercise of the trial court's discretion. *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 538, 429 A.2d 801 (1980); see 1 B. Holden & J. Daly, Connecticut Evidence § 35, p. 162; annot., 68 A.L.R.2d 470.

This basic tenet is supported by Practice Book § 6, which provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." In the present case, defense counsel suddenly and unexpectedly found himself with an absent client because of emergency open-heart bypass surgery. Counsel could not produce him as a witness, nor could he confer with him concerning the contents of an affidavit. A denial of a continuance in the present case would have worked an injustice that we are not willing to endorse.

There is no merit to the plaintiff's claim that he was deprived of the opportunity to make a record and we do not reach the question of whether Practice Book § 280 is applicable to parties as opposed to persons who are witnesses but not parties to the action.

Under all the circumstances, the trial court properly granted the defendant's motion for a continuance.

II

We do not reach the merits of the plaintiff's judicial notice claim. The complaint alleges that the plaintiff's

injuries were caused by the defendant's negligence in several specified ways. The defendant denied this negligence allegation and, by way of special defense, alleged that the plaintiff's injuries and damages were the result of the plaintiff's own negligence in several specified particulars. No interrogatories to limit or to explain a general verdict were submitted to the jury. See Practice Book § 312.[4] The jury rendered a general verdict in favor of the defendant.

We review evidence in the manner most favorable to supporting the jury's verdict. *State* v. *King,* 216 Conn. 585, 601, 583 A.2d 896 (1990). "The defendant's denial of negligence and its allegation of contributory negligence constitute two separate and distinct defenses, either one of which could support the jury's general verdict." *LaFleur* v. *Farmington River Power Co.,* 187 Conn. 339, 342, 445 A.2d 924 (1982); *Giardini* v. *Supermarkets General Corporation,* 24 Conn. App. 9, 11–12, 585 A.2d 110 (1991). The general verdict rule provides that "[i]f a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action . . . or distinct defenses." (Citations omitted; internal quotation marks omitted.) *Giardini* v. *Supermarkets General Corporation,* supra, 11.

We cannot determine whether the jury resolved this case on the plaintiff's failure to prove that the defendant was negligent or on the basis of the special defense of contributory negligence. The general verdict rule mandates a presumption that the jury found every issue

---

[4] Practice Book § 312 provides in pertinent part: "The court may submit to the jury interrogatories for the purpose of explaining or limiting a general verdict . . . ."

in favor of the defendant. *Spitzer* v. *Haims & Co.*, 217 Conn. 532, 552, 587 A.2d 105 (1991); *Giardini* v. *Supermarkets General Corporation,* supra. Accordingly, we presume that the jury, relying on the defendant's contributory negligence special defense, determined that the plaintiff's injuries were caused by his own negligence. The defendant's rate of speed therefore becomes irrelevant. The general verdict rule requires that the jury verdict be upheld and that the judgment be affirmed.

The judgment is affirmed.

In this opinion the other judges concurred.