[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 19, 1993, the court granted the defendant's motion for nonsuit on the ground that the plaintiff failed "to respond to the Defendant's Interrogatories and Request to Produce dated September 29, 1992."
On June 4, 1993, the plaintiff filed a motion to reopen a judgment of nonsuit. Plaintiff's counsel appended to the motion an unsigned affidavit asserting that, "Plaintiff's counsel has never received notification from the clerk's office in Superior Court, nor can the clerk's office confirm notice was ever sent out." The affidavit also stated the interrogatories had been answered on April 19 and that the plaintiff has a bona fide cause of action and wishes her day in court.
On August 23, the parties appeared in open court and it was pointed out that the affidavit was not signed. Counsel represented the truth of the affidavit, but the defendant would not agree to the representation and the court continued the matter to September 13th for an evidentiary hearing requested by the court. On September 13th, plaintiff's counsel testified under oath that he received no notice of the nonsuit judgment from the clerk's office. He also testified he first received notice of the nonsuit in late April, 1993. CT Page 9293
The court finds the plaintiff did not receive any notice of the nonsuit from the clerk's office. The court finds the clerk's office failed to at any time give notice of the nonsuit to plaintiff's attorney and that plaintiff's attorney first had actual notice of the nonsuit and judgment in late April, 1993. On September 13th, the matter was continued so the plaintiff could establish the reason for the failure to respond to the interrogatories since the defendant would not agree to plaintiff's counsel's representations.
On October 4, 1993, the plaintiff's attorney filed a supplemental affidavit stating, "I was unable to comply with the Defendant's Request for Interrogatories prior to April 19, 1993 due to the length of time it took to acquire the medical information from both accidents and the need to request final evaluation reports."
"Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed. . . ." General Statutes 326, Jaconski v. AMF, Inc., 208 Conn. 230, 237, 543 A.2d 728
(1988). The motion must be accompanied by the "oath of the complainant or his attorney" explaining the reason for the default. Practice Book 377.
The defendant makes the following two arguments in support of its opposition to the plaintiff's motion to reopen: First, the defendant claims the court does not have jurisdiction to reopen because the plaintiff's motion was filed beyond the four month time limit prescribed for opening civil judgments. Second, the defendant claims the plaintiff failed to make the requisite showing that "the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause."
While the court does not have jurisdiction to open a judgment beyond the four month period; Serrano v. Behar,15 Conn. App. 308, 311, 544 A.2d 250 (1988) "it is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open." Noethe v. Noethe,18 Conn. App. 589, 595, 559 A.2d 1149 (1989). The lack of notice suspends the running of the four month period until actual notice is received. Id., Aliff v. Fromm, 6 Conn. L. Rptr. 412, CT Page 9294 413 (June 8, 1992, Austin, J.) citing DiSimone v. Vitello,6 Conn. App. 390, 393, 505 A.2d 745 (1986).
The defendant argues that the supplemental affidavit filed on October 4, 1993, changed the date of filing the motion from June 4, 1993, to October 4, 1993. The defendant therefore argues that the motion was filed more than four months after the plaintiff received actual notice. Where an affidavit was filed with a motion to open, and an affidavit was submitted at the hearing, "[t]he affidavits submitted by the [plaintiff] and [his] testimony satisfied the requirements of General Statutes52-212 and Practice Book 377." Carter v. D'Urso, 5 Conn. App. 230,235, 497 A.2d 1012, cert. denied, 197 Conn. 814,499 A.2d 63 (1985).
The June 4, 1993 unsigned affidavit, subsequent testimony and October 4, 1993 affidavit are sufficient to satisfy the requirements of General Statutes 52-512 and Practice Book 377.
Here the plaintiff supported his June motion with oral testimony and a supplemental affidavit and thereby amended and completed his motion. Since the motion was filed within four months of notice and is meritorious, it should be granted.
Accordingly, the motion to set aside the judgment is granted.
McDONALD, J.