[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR JUDGMENT
In a motion for judgment, filed on November 12, 1994, the plaintiff, Bank of South Windsor, asserts the following: On December 13, 1991, the Connecticut Commissioner of Banking, Robert M. Shulansky, applied for an order appointing the Federal Deposit and Insurance Corporation ("FDIC") as receiver for the Bank of East Hartford ("the Failed Bank"). On that date, the Superior Court, Schaller, J., declared the Failed Bank insolvent and also appointed the FDIC as receiver "immediately to wind up the affairs of Bank of East Hartford in accordance with Chapter 639 of the Connecticut General Statutes and 12 U.S.C. § 1821
and [to] exercise any and all powers granted to receivers of banks by the applicable provisions of state or federal law."
Pursuant to a purchase and assumption agreement dated December 13, 1991, between the plaintiff and the FDIC, acting under its statutorily created power as receiver, the plaintiff acquired certain assets and liabilities from the FDIC.
On December 20, 1991, the defendant, State of Connecticut Department of Labor, Employment Security Division ("Administrator"), notified the plaintiff that it was a "successor employer" to the Failed Bank, and that it had thus involuntarily acquired the experience rating of the Failed Bank. The "experience rating was high for the reasons that (i) the Failed Bank had downsized prior to being closed; and (ii) the FDIC had terminated all remaining employees concomitant with closing the bank."
On January 10, 1992, the plaintiff appealed the Administrator's determination that it was a "successor employer" to the Failed Bank. On September 16, 1992, a hearing was held before an Employment Security Appeals Referee. On March 18, 1993, the appeals referee dismissed the plaintiff's appeal and affirmed the decision of the administrator that the plaintiff was a successor employer to the Failed Bank.
On April 8, 1993, the plaintiff duly appealed the appeals referee's decision to the Employment Security Appeals Division, Board of Review ("Board"). On May 13, 1994, the Board rendered its decision, affirming the appeals referee's legal conclusion that the plaintiff succeeded the Failed Bank. On June 13, 1994, the plaintiff, pursuant to C.G.S. § 31-249b filed the present appeal with the Board. The Board mailed the plaintiff's appeal petition to the clerk of this court on October 7, 1994, 116 days after filing. CT Page 2399
On November 12, 1994, pursuant to Practice Book § 511A, the plaintiff filed its motion for judgment on the ground that the Board's mailing of the appeal to the Superior Court was untimely in that it failed to comply with the requirements of General Statutes § 31-249b. The plaintiff also filed a memorandum of law in support of its motion.
On December 6, 1994, the Board, as intervenor in the present appeal, filed an objection to the plaintiff's motion for judgment. Additionally, on December 29, 1994, the defendant, Administrator, Unemployment Compensation Act, et al., filed a memorandum in opposition to the plaintiff's motion.[1]
General Statutes § 31-249b allows a party to a Board proceeding to appeal the decision of the Board to the Superior Court by filing an appeal petition in the office of the Board. The statute, in pertinent part, states that:
 The chairman of the board shall, within the third business day thereafter, cause the original petition or petitions to be mailed to the clerk of the superior court and copy or copies thereof to the Administrator and to each other party to the proceeding in which such appeal was taken; and said clerk shall docket such appeal as returned to the next return day after the receipt of such petition or petitions. In all cases, the board shall certify the record to the court.
The statutory mandate of General Statutes § 31-249b is consistently reflected in Practice Book § 511A, which governs appeals to the Superior Court from decisions of the Board. Practice Book § 511A, in pertinent part, provides:
 The chairman of the board shall, within the third business day after such filing [of the petition], cause the original petition or petitions to be mailed to the clerk of the superior court and copy or copies thereof to be mailed to the administrator and to each other party to the proceeding in which the appeal was taken . . . . At the time the petition is mailed to the clerk, or as soon thereafter as practicable, the chairman of the board shall cause to be mailed to the clerk a CT Page 2400 certified copy of the record . . . .
In its memorandum in support of its motion for judgment, the plaintiff argues that "the duality and dichotomy of the statute is maintained requiring, by the verb `shall,' submittal to the court within three days; but giving directory advice as to the time of the return of record." The plaintiff further argues that the statute, by its terms, requires the forwarding of the petition to the court be accomplished within three business days. The plaintiff argues that this requirement is mandatory rather than directory. Therefore, the plaintiff argues, the defendant's failure to comply with the statutory "third business day" requirement warrants a judgment in its favor, sustaining its appeal and reversing the decision of the Board.
In its memorandum in opposition to the plaintiff's motion for judgment, the defendant argues that the motion is based on action of the Board rather than the administrator. The defendant argues that the administrator is the proper named defendant in court pursuant to General Statutes § 31-249c, which deems the administrator a party to any unemployment compensation proceeding before a reviewing court. The defendant further argues that the Board intervened only as a separate party defendant. Therefore, the defendant argues that "[i]t would be improper for the court to enter a judgment sustaining plaintiff's appeal against the administrator on the basis of conduct of a separate entity which is a separate party intervenor to this appeal."
The defendant also argues that pursuant to General Statutes § 31-249b, the time for mailing the appeal to court is directory, rather than mandatory. The defendant points out that "the time for the Board's mailing the appeal to court, stated in affirmative language designed to secure dispatch of the court appeal and unaccompanied by negative words invalidating a late mailing to court, should be considered directory."
The rules of statutory construction apply equally to statutes and rules of practice. Grievance Committee v. Trantolo, 192 Conn. 15,22, 470 A.2d 228 (1984). Additionally, in the interpretation of statutes, the word shall may have a meaning that is directory rather than mandatory. Fidelity Trust Co. v. BVD Associates,196 Conn. 270, 278, 492 A.2d 180 (1985). The test for determining whether a statutory requirement is mandatory or directory is whether the prescribed mode of action relates to a matter of substance or convenience. Hall Manor Owner's Assn. v. West Haven,
CT Page 2401212 Conn. 147, 152-53, 561 A.2d 1373 (1989).
"Provisions relating to matters of substance are mandatory, whereas provisions designed to secure order, system and dispatch in the proceedings [are] generally held to be directory, especially when the requirement is stated in affirmative terms unaccompanied by negative words." (Citations omitted; internal quotation marks omitted.) Caron v. Inland Wetlands WatercoursesCommission, 25 Conn. App. 61, 66-67, 592 A.2d 964 (1991), aff'd,222 Conn. 269, 610 A.2d 584 (1992). The latter provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply. See Brown v. Smarrelli, 29 Conn. App. 660,664, 617 A.2d 905 (1992), cert. denied, 225 Conn. 901,621 A.2d 284 (1993).
Against this background, the court finds that the statute and Practice Book sections at issue in the present case are directory rather than mandatory. Neither General Statutes § 31-249b nor Practice Book § 511A contains "negative words." Neither provision is accompanied by language that expressly invalidates an action taken after noncompliance with the "three day business" requirement. The Board's mailing of the appeal to court relates to a matter of convenience designed to secure dispatch of the court appeal. The plaintiff's motion for judgment on the ground that the defendant failed to comply with the provisions of General Statutes § 31-249b and Practice Book § 511A is denied, as the verb "shall" in those provisions is directory rather than mandatory.
Lapenta v. Administrator, Unemployment Compensation Act etal., Superior Court, judicial district of Middlesex, Docket No. 23105 (April 2, 1974) (Naruk, J.), a case cited by the Board as intervenor in this appeal on behalf of the defendant, provides further support for the above conclusion. Lapenta contains facts strikingly similar to those found in the present appeal. In that case, the appellant made a motion for judgment on the ground that the Commissioner failed to comply with the provision of General Statutes § 31-249,[2] which stated that, "in the event of an appeal, the Commissioner shall, within 72 hours thereafter, cause the original petition or petitions to be mailed to the clerk of the Superior Court to which such appeal was taken . . . ." Id. The appellant duly mailed her appeal to the Commissioner, but the Commissioner did not cause the original appeal petition to be mailed to the clerk of the Superior court until almost two months after receiving the appeal. Id. As a CT Page 2402 consequence of the delay, the appellant asserted a right to judgment directing the administrator to allow her claim in full. Id.
The court concluded that the appellant's claim was meritless. Id. In so doing, the court reasoned that the Commissioner's failure to comply with the statute arose from the failure to transmit appropriate papers to the reviewing court. Id. The court concluded that this was a failure to perform a ministerial act. Id. The court further reasoned that to receive payment from the Unemployment Compensation Fund, the claimant must show that she was unemployed through no fault of her own; not that a public officer, who is not charged with the administration of that fund, may have failed to perform a ministerial duty. Id.
In the present case, the defendant, administrator, is not charged with the duty of filing the plaintiff's petition with the court "within three business days after its reception." General Statutes § 31-249b charges the Board with that responsibility. Further, having already concluded that the "third business day" requirement found in General Statutes § 31-249b
is directory, the Board's failure to comply with that provision does not warrant a judgment in the plaintiff's favor. The plaintiff should proceed on the merits of its case.
While the court agrees with the position of the plaintiff that the statute as it stands today taken together with the practice of the Chairman of the board as to filing the petition with the court leaves the plaintiff in a sort of "limbo" with a right of appeal to the Superior Court but no way to pursue it, except possibly a writ of mandamus, this is a matter to be addressed to the legislature. A judgment against the Administrator, without considering the merits, because of a failure to act by the Board chairman would be inconsistent with the objectives of the statute.
The plaintiff's motion for judgment seeking to reverse the decision of the Board is denied.