[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REOPEN JUDGMENT #106 AND OBJECTIONOF PLAINTIFF TO DEFENDANT'S MOTION TO REOPEN JUDGMENT #105
The court file indicates the following sequence of events. The defendant's agent for service and the defendant's office assistant were both personally served at the commencement of this matter. The defendant was also sent a copy of the plaintiff's motion for default on April 19, 1995. Plaintiff's motion for judgment in the sum certain amount of $24,781.49 was also forwarded to the defendant on May 17, 1995. The plaintiff further notified the defendant by letter that the motion for judgment would be heard by the court on June 13, 1995. Judgment was entered on said date and the defendant was further sent a certified letter and a copy of said judgment. The defendant was fully aware of every step in these proceedings and chose to do nothing relative to same until an attorney entered his appearance on its behalf on August 21, 1995 and thereafter filed a motion to open judgment on September 1, 1995.
Where a defendant is defaulted for failure to appear (Practice Book § 352), and judgment enters upon the default, the defendant may move to open the default pursuant to Practice Book § 377. Where a judgment is rendered upon default or nonsuit, a defendant may seek to open same in accordance with § 52-212(a) of the Connecticut General Statutes and Practice Book § 377 which provide that the superior court may set aside said judgment provided: (1) the motion to set aside was filed within four months following the date on which the judgment entered; (2) and upon a showing that a good defense existed; and (3) that defendant was prevented by CT Page 12382 mistake, accident, or reasonable cause from appearing; and (4) the written motion shall be verified by the oath of the complainant or his attorney and shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. See Costello v.Hartford Institute of Accounting, Inc., 193 Conn. 160, 167 (1984);Jaconski v. AMF, Inc., 208 Conn. 230, 237-239 (1988); Carter v.D'Urso, 5 Conn. App. 230 (1983) and Lynch v. Imported Cars ofGreenwich, Inc., 37 Conn. Sup. 676, 678 (1981).
Defendant's motion to open judgment was timely filed within the four month period but the defendant fails to meet requirements (2), (3) and (4) as set forth in Connecticut General Statutes §52-212(a) and Practice Book § 377.
The defendant's motion to reopen judgment in this matter is denied and the plaintiff's objection to said motion is sustained.
BALLEN, JUDGE