[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
In this action for damages arising out of an automobile accident, the plaintiff has moved for summary judgment based on the defendant's untimely answers to plaintiff's requests for admissions. "Accident" or "mistake" being grounds for opening a judgment of default or nonsuit; General Statutes § 52-212; such grounds certainly ought to be sufficient to prevent the forfeiture of the defendant's day in court.[1] "It is axiomatic that the [trial] judge must have wide discretion and control of the proceedings before the court and the granting or denial of a continuance will be set aside only if a clear abuse of the trial CT Page 3311 court's discretion is shown." Brown v. Smarrelli,29 Conn. App. 660, 665, 617 A.2d 905 (1992), cert. denied, 225 Conn. 901,621 A.2d 284 (1993). "The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. Snowv. Calise, 174 Conn. 567, 574, 392 A.2d 440 (1978); Practice Book § 6. Rules of practice must be construed reasonably and with consideration of this purpose. . . . Rules are a means to justice, and not an end in themselves; their purpose is to provide for a just determination of every proceeding. (Citations omitted.) In re Dodson, 214 Conn. 344, 363, 572 A.2d 328, cert. denied, 498 U.S. 896, 111 S.Ct. 247, 112 L.Ed.2d 205 (1990)." (Internal quotation marks omitted.) Tolland Bank v. Larson,28 Conn. App. 332, 334-35, 610 A.2d 720 (1992); see Shokite v.Perez, 19 Conn. App. 203, 207, 561 A.2d 461 (1989); Carter v.D'Urso, 5 Conn. App. 230, 234, 497 A.2d 1012, cert. denied,197 Conn. 814, 499 A.2d 804 (1985). Practice Book § 6; see alsoGarrity v. Aetna Casualty Surety Co., 4 CSCR 647 (July 31, 1989), and Wilton Bank v. Loud, Superior Court, judicial district of Stamford-Norwalk at Stamford, No. CV94 0139537 (April 24, 1995), as to the court's authority with respect to untimely admissions.
The motion for summary judgment is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court