[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO OPEN JUDGMENT
On June 4, 1998 the Court entered judgment against the defendant, Bank of Boston Connecticut, after a hearing in damages which followed a default for failure to appear which was entered on May 13, 1996. Within four months, the defendant moved to open the judgement and attached an affidavit signed and sworn to by a Lorraine Fitzgerald, the current manager of the defendant's Wolcott branch.
The motion alleges in particularized detail that the defendant was never properly served with process in the action and was never served with the cross claim which forms the basis for the judgement which the defendant seeks to open. The motion also states that if permitted to participate in the action, the defendant would "raise defenses of release, mutual mistake, contributory negligence and setoff".
The affidavit contains averments which describe the affiant's duties as an employee of the defendant and which deny recollection of receipt of any papers served or filed in this case.
The opening of judgements upon default is governed by the provisions of section 52-212 of the General Statutes and section 17-43 of the practice book. Both provisions are very clear in their requirement that not only must the motion show the existence of certain conditions but the motion must be "verified CT Page 6253 by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the . . . defendants failed to appear." Such verification may be made in an affidavit separate from the motion as long as it is filed prior to adjudication. Carter v. D'Orso 5 Conn. App. 230 (1985).
Since the motion to open judgment is not verified the court must look to the affidavit which accompanies it. Initially, the court notes that there is nothing in the affidavit to indicate that the affiant is or would be authorized and competent to make the averments required by these provisions. But more to the point, the affidavit is lacking in any statement whatsoever as to either the nature of the defense or the reason why the defendant failed to appear. Inclusion of these averments in an unverified motion does not comply with the statute or the rule. Costello v.Hartford Institute of Accounting, Inc., 193 Conn. 160 (1984).
For these reasons the motion to open the judgement is denied.
MOTTOLESE, J.