[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellant, Anil Gupta, appeals the decision of respondent the Zoning Board of the City of Stamford (Zoning Board) granting approval to respondent Hyperion to build an above-grade parking garage upon its property. The Zoning Board held a public hearing concerning Hyperion's application on April 28, 1997, May 19, 1997 and June 9, 1997. On June 13, 1997, the Zoning Board published notice that it had granted Hyperion's application in the StamfordAdvocate. The appellant properly commenced the appeal by service of process on the Stamford Town Clerk and the chairman of the Zoning Board on June 27, 1997 in accordance with the provisions of General Statutes § 8-8. Therefore, this court has subject CT Page 15319 matter jurisdiction over the present appeal. See Taft v.Wheelabrator Putnam, Inc., 55 Conn. App. 359, 368, ___ A.2d ___ (1999).
In addition to complying with service of process requirements, "[t]o appeal an administrative decision, the appellant must be aggrieved by the decision." Northeast Parkingv. Planning and Zoning Commission, 47 Conn. App. 284, 287,703 A.2d 797, cert. denied, 243 Conn. 969, 707 A.2d 1269 (1997). General Statutes § 8-8(b) provides in relevant part: "Except as provided in subsections (c) and (d) of this section and sections 7-147 and 7-147i, any person aggrieved by any decision of a [municipal zoning] board may take an appeal to the superior court for the judicial district in which the municipality is located. . . ." General Statutes § 8-8(a)(1) indicates that an "aggrieved person" includes "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." Based upon the deed and the plot map provided in the return of record, the court is satisfied that the appellant's property abuts Hyperion's property. (See Return of Record [ROR], Items 1 B-15.) Therefore, the appellant has adequately proven that he is aggrieved by the ruling of the Zoning Board.
The appellant contends that the Zoning Board and the planning commission violated the provisions of General Statutes §8-3a(b) because the Zoning Board improperly failed to read the planning commission's report or a statement of the planning commission's vote upon the amendments to the Stamford Zoning Regulations at the public hearing. The appellant also claims that the planning commission's report did not satisfy the explicit requirements of General Statutes § 8-3a(b). General Statutes § 8-3a(b) states in relevant part: "In any municipality which has a separate zoning commission operating under the provisions of this chapter or any special act and which also has a planning commission operating under the general statutes or any special act, proposed zoning regulations or boundaries or changes thereof shall be referred to such planning commission for a report at least thirty-five days prior to the date assigned for a public hearing to be held thereon. The report shall contain the findings of the planning commission on the consistency of a proposed regulation or boundaries or changes thereof with the plan of development of the municipality and any other recommendations the planning commission deems relevant. The failure of the planning commission to report prior to or at the hearing shall be taken as CT Page 15320 approval of such proposals. The report concerning consistency with the plan of development and a statement of the vote of the planning commission approving, disapproving or proposing a modification of such proposal shall be publicly read at any public hearing held thereon. The full report of the planning commission regarding such proposal shall include the reasons for the commission's vote thereon and shall be incorporated into the records of public hearing held thereon by the zoning commission. . . .
The respondents argue that the statutory language of General Statutes § 8-3a(b) is directory, not mandatory. They also note that the Zoning Board chairperson, Jackie Heftman, asked the public at the public hearing if would waive the reading of the lengthy application and associated documentation. Despite the appellant's presence at this meeting, he did not object to the Zoning Board's failure to read the planning commission's report. The respondents also argue that General Statutes § 8-3a(b) provides that the "failure of the planning commission to report prior to or at the hearing shall be taken as approval of such proposals." Therefore, it is unnecessary for the planning commission to file a report at all. The appellant insists that a reading of the planning commission report was mandatory and citesPompea v. Zoning Commission, Superior Court, judicial district of Danbury, Docket No. 320392 (Moraghan, J., May 10, 1996) in support of that proposition.
The court concludes that compliance with the provisions of General Statutes § 8-3a was mandatory. "The general rule is that the word `shall' is mandatory, not directory." Langan v.Weeks, 37 Conn. App. 105, 121, 655 A.2d 771 (1995). However, "[t]he use of the word shall though significant, does not invariably create a mandatory duty. . . . [Courts] determine whether a statute is mandatory or directory by testing whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. . . . If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words." (Internal quotation marks omitted.) Brown v. Smarrelli, 29 Conn. App. 660,664, 617 A.2d 905, cert. denied, 225 Conn. 901, 621 A.2d 284
(1993). Despite the lack of negative terms in the statute, CT Page 15321 General Statutes § 8-3a(b) provides mandatory requirements for a planning commission and a zoning commission, not mere procedural guidelines. Undoubtedly, the provisions of General Statutes § 8-3a(b) that require a planning commission report containing certain specified information, as well as a reading of that report, were created so that the zoning commission and/or the public would understand the reasoning of the planning commission, and spark intelligent consideration or debate concerning the issues. See Pompea v. Zoning Commission, supra, Superior Court, Docket No. 320392. General Statutes § 8-3a
"emphasizes the legislative determination that co-operation between the two commissions should react to the benefit of the town." Ferndale Dairy, Inc. v. Zoning Commission, 148 Conn. 172,177, 169 A.2d 268 (1961). The failure to satisfy these requirements acts directly adverse to the statutory language and the intent of the statute because the zoning commission would not have the benefit of the planning commission's determination that a proposal acts in accordance with, or contrary to, a municipal plan. See 34 S. Proc., Pt. 4, 1991 Sess., pp. 1472-73 (emphasizing the necessity for a planning commission to consider the municipal plan and to state any reasons for acting contrary to it).
The court concludes that the planning commission report provided to the Zoning Board was inadequate. In substance, the planning commission's report to the Zoning Board merely stated: "The planning board voted unanimously to recommend approval of this application. The board noted that the proposed text changes will clarify and, therefore improve, this section of the zoning regulations. It also favored the modifications to the C-D standards." (ROR, Items B-3 C-3.) This report did not provide any mention of the "consistency of the proposed . . . changes . . with the plan of development of the municipality" contrary to the requirements of General Statutes § 8-3a(b). In addition, despite the inadequacy of the report, the Zoning Board also improperly failed to read that report to the public. See Pompeav. Zoning Commission, supra, Superior Court, Docket No. 320392 (emphasizing the necessity that the report be publicly read at any public hearing and finding that General Statutes § 8-3a
requires at least some level of consideration of the report and recommendation of the planning commission). But see Boris v.Garbo Lobster Co. Inc., Superior Court, judicial district of New London at New London, Docket No. 539867 (March 24, 1998, Purtill,J.) (holding that there is nothing in General Statutes §22a-104(e) that invalidates the action of a planning and zoning CT Page 15322 commission for failing to read the entire letter of the Commissioner of Environmental Protection into the record; the essence of General Statutes § 22-104(e) is consideration of the Commissioner's comments and recommendations). While General Statutes § 8-3a(b) does provide that failure of the planning commission to report should be taken as approval of such proposals, the court concludes that this language does not contemplate the present situation where there is public opposition to the proposals before the Zoning Board. The court finds that the failure of the Zoning Board to comply with the requirements of General Statutes § 8-3a(b) was error and the appeal is sustained. The court does not need to address the appellant's remaining issues on this appeal.
RYAN, J.