[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Motion # Motion to Open Judgment of Dissolution and Modify Judgment Motion # Contempt and Purge Review
This matter came before the Family Magistrate Division on the Defendant-Respondent father's Motion to Open the Judgment of Dissolution, entered on January 22, 2001. Defendant father has also requested a modification of the Dissolution Judgment ordering him to pay $103 per week in current child support and $20 per week on arrearage owed to the Plaintiff in the total amount of $12,772.00, and then on the arrearage owed to the State, in the total amount of $3,810.00, as of January 22, 2001. It is the finding of child support arrearage owed to the Plaintiff mother that the Defendant father seeks to open and be recalculated based upon his earning capacity, not the amount of State financial assistance provided to the family. The Defendant Father does not contest the arrearage finding owed to the State. CT Page 9960
PROCEDURAL BACKGROUND
On June 8, 2000, the Plaintiff mother served upon the Defendant a summons and complaint seeking a dissolution of the parties' marriage. The sheriffs return states that service was made on the Defendant at "his usual place of abode".
On November 20, 2002, Judge Steinbach entered pendent lite orders in the dissolution action. Specifically, the Defendant was ordered to pay $103 per week as current child support and an additional $20.00 per week against an arrearage found to be in the total amount of $15,655. The transcript from the pendente lite hearing indicates that the weekly support order and the arrearage finding were based upon the representations made by the assistant attorney general regarding the amount of State financial assistance provided to the family. An immediate wage withholding order was issued to secure payment of the pendente lite
orders.
On January 22, 2001, the Court (Maczak, J.) entered a decree dissolving the parties' marriage. Judge Maczak found that the Defendant was not serving in the armed forces, and entered a default judgment against the Defendant father. The Court also ordered the Defendant to pay weekly child support to the Plaintiff in the amount of $103, and $20 per week on the arrearage owed to the Plaintiff in the total amount of $12,772, and then on the State's arrearage in the total amount of $3,810. The Defendant's obligation was to be secured by an immediate wage garnishment.
On May 11, 2001, the Bureau of Child Support Enforcement Service served a Notice of Income withholding on the Defendant, as a non-appearing obligor. The Notice identified the weekly child support order and the arrearage finding. The Court file further indicates that on June 8, 2001., the court clerk issued a Notice to the Defendant as a nonappearing obligor.
On April 11, 2001, the State of Connecticut, through the State's Support Enforcement Unit, commenced a contempt proceeding against the Defendant for his alleged failure to meet his support obligation (hereinafter referred to as the pending "contempt proceeding"). The Defendant was served with the contempt proceeding at "his usual place of abode", according to the return of service on file. The service was made at the same location as the service in the dissolution proceedng 10 months earlier.
The Defendant appeared on six court dates during the contempt CT Page 9961 proceedings prior to the filing of the pending Motion to Open and Modify.[1] During the pending contempt proceedings, the Defendant filed a Motion to Modify the weekly child support order by Motion dated December 11, 2001. The Defendant's Motion to decrease the child support was based upon his allegation that the "child spends most of his time with me (father)" and further, because, "Mother moves around excessively". Motion no. 118.
On January 7, 2002, the Superior Court entered orders on the Defendant's Motion to Modify. The orders were made in accordance with the signed agreement of the parties. The agreement set forth specific visitation/parenting time with the minor child and the Defendant father. The child support obligation was not modified and no financial orders entered.
On June 20, 2002, while incarcerated pursuant to the contempt finding, the Defendant, through his attorney, filed the pending Motion to Open Judgment of Dissolution and Motion to Modify. This Motion and the purge review were conducted on July 9, 2002. The Defendant requested that any modification of the child support obligation be ordered retroactive to date of the Defendant's original Motion to Modify. Because the Defendant's original motion was fully adjudicated previously. His request for retroactivity is denied.
On July 9, 2002, the Defendant's weekly child support was modified based upon his earning capacity. No arrearage order was entered because the Defendant claimed that the superior court lacked jurisdiction to enter the original arrearage order. Because the Defendant's Motion implicated the subject matter jurisdiction of the Court it was necessary that this jurisdictional claim be resolved prior to proceeding on the of the Defendant's motion to modify the arrearage. Community Collaborativeof Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552 (1997); Golden HillPaugassett Tribe of Indians v. Southbury, 231 Conn. 563, 570 (1995); Seealso § P.B. 25-14.
Motion to Open Judgment of Dissolution and Modify Support:
The January 2001 Judgment of Dissolution was entered upon default as a result of the Defendant's failure to appear. Accordingly, Conn. Gen. Stat. § 52-212 and P.B. § 17-43 govern the Motion to Open. Both authorities provide a four-month time period during which a judgment may be opened. Additionally, both authorities require that a motion requesting such relief be verified by oath.
The Motion to Open the Judgment of Dissolution is fatally defective because it fails to satisfy these requirements. Further, as a substantive CT Page 9962 matter, the dissolution action was properly served upon the Defendant at his place of abode.
Lack of Verification:
 The opening of judgments upon default is governed by the provisions of [§] 52-212 of the General Statutes and [§] 17-43 of the Practice Book. Both provisions are very clear in their requirement that not only must the motion show the existence of certain conditions but the motion must be verified by the oath of the complainant or the complainant's attorney, and shall state in general terms the nature of the claim or defense and shall particularly set forth the reasons why the . . . defendants failed to appear. Such verification may be made in an affidavit separate from the motion as long as it is filed prior to adjudication.
 Telespectrum World v. Mesa Partners, No. CV 98 0167476 (Jan. 18, 2000)2000 Ct. Sup. 809 (internal quotation marks omitted); Ennessey v.Connecticut Valley Fit. CR., No. CV 98-0576735S (Jan. 19, 2000); ArcataInvestments, Inc. v. Fram No. 328133 (May 6, 1999, Mottolese, J.)1999 Ct. Sup. 6252; Carter v. D'Orso, 5 Conn. App. 230 (1985).
Significantly, both the Statute and Practice Book require that the motion to open be verified under oath. The failure to verify the motion to open a judgment deprives the court of jurisdiction to entertain such motion. Crudip v. Land Air Transport, Inc., No. CV 96 033 91 07 S (Mar. 24, 1999); G.F. Construction, Inc. v. Cherry Hill Construction, Inc.,42 Conn. App. 119, n. 12, 124 (1996). The Defendant has failed to verify the Motion. Therefor, the Motion to Open is denied.
Late filing:
Connecticut General Statutes § 52-212 and Connecticut Practice Book § 17-43 provide that a default judgment may be set aside within four months from the date of entry. Similarly, C.G.S. § 52-212a mandates that a civil judgment may not be opened or set aside unless a motion to open or set aside has been filed within four months following the date on which it was rendered. In the case at bar, the Defendant's Motion to Open was filed approximately 17 months after the entry of the judgment of dissolution. Therefor, the Motion to Open is denied.
As set forth more specifically above, it is clear that the Defendant received notice of the child support orders and arrearage findings more CT Page 9963 than four months prior to the filing of his Motion to Open. Specifically, notice was sent to the Defendant by the BSEU on 5/11/01 (13 months prior to the filing of the Motion to Open). In addition, the Clerk of Court sent the Defendant notice of the orders on 6/8/01 (more than 12 months prior to the filing of the Motion to Open). Lastly, the Defendant was served the Contempt proceedings on 10/24/01, more than seven months prior to the filing of the Motion to Open.
Most compelling in support of a finding of late filing is the Defendant's appearance in the contempt proceedings on November 27, 2001, more than six months prior to the filing of a Motion to Open. The Contempt proceedings clearly identified the arrearage finding yet he failed to file the Motion to Open within four months of the service of the contempt proceedings.
This Court finds that the Defendant became aware of the dissolution decree more than four months prior to the filing of the motion to open. The Court also finds that the Defendant could have reasonably filed the motion within the statutory period but failed to do so. The instant motion, filed more than 15 months after the dissolution judgment entered is untimely, and barred by C.G.S. § 52-212, C.G.S § 52-212a, and C.P.B. § 17-43.
Lastly, the Defendant has not asserted, nor proven by a preponderance of the evidence that the dissolution judgment was entered as the result of fraud or mutual mistake.
The Dissolution Action was properly served:
The Defendant's Motion to Open is based, in part, upon a claim that the dissolution proceedings were not served at his usual place of abode, and thus he alleges he has a good basis to attack the arrearage finding. This Court disagrees.
The Notice of Judgment issued by the Clerk's office raises a rebuttable presumption that notice was sent by the clerk and was received by the Defendant. Batory v. Bajor, 22 Conn. 4, 7 (1990); DiSimone v. Vitello,6 Conn. App. 390, 393 (1996) No. 096666 (Langenbac, J., Sept. 10, 1991)6 C.S.C.R. 895.
The Defendant testified that the service of process in the dissolution action by abode service was defective because it was not made at his residence. The service was made at 86 Webster St., Apt B-13, Hartford, Ct., his brother's residence. On July 9, 2002, the Defendant testified that he had not lived at that address for "two or three years". Service was made on June 8, 2000, more than two, but less than three years ago. CT Page 9964 Documentation from the landlord asserts that the Defendant had been living at the address "for some time prior to my purchase of the building on 12/01/00 until 4/1/01." Plaintiffs Exhibit A.
The Defendant has elected not to produce any additional evidence of his legal residence at the time of service, i.e. motor vehicle license registration, voter registration, federal or state income tax returns, etc. This Court finds the Defendant's appearance in the pending contempt proceedings after service upon the Defendant in the same manner (abode service), at the same address to be most persuasive. The Defendant's ambiguous testimony fails to satisfy his burden of proof. Based upon the above-cited facts, the Defendant has not sufficiently rebutted the presumption of notice.
Conclusion:
Because the Defendant failed to file a timely and verified motion to open, and because the Defendant has failed to prove that the Court lacked jurisdiction to enter the finding of arrearage due to alleged defective abode service on the Defendant, the Motion to Open the Dissolution Judgment and Modify Arrearage is denied.
To the extent that the Defendant seeks a modification of his current support obligation based upon his earning capacity, said motion is granted. The Defendant is to pay weekly child support in the amount of $55 per week, based upon a $7.00 per hour, forty hour per week earning capacity. In addition, he is to pay $11.00 per week on the arrearage of child support, payable first on the Plaintiff's arrearage, and thereafter on the State's arrearage. The arrearage is to be calculated based upon an effective date of June 24, 2002, when the Motion to Modify was served upon the Respondent.
Linda T. Wihbey, F.S.M.