### THE STATE vs. PATRICK J. MEEHAN.

New Haven & Fairfield Cos., June T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

It is provided by Gen. Statutes, § 1618, that "every person charged with any offense shall be tried in the county where it shall have been committed, except when it is otherwise provided." The exception held to mean "when it is otherwise provided by statute," and not by any rule of the common law.

The engineer of a railroad locomotive was criminally prosecuted in New Haven County for so negligently managing his engine as to cause the death of A. The injury was in Litchfield County, and the death in New Haven County. Held that the Superior Court in New Haven County had no jurisdiction of the offense.

Argued June 7th—decided June 30th, 1892.

CRIMINAL PROSECUTION in the Superior Court in New Haven County; plea to the jurisdiction, and demurrer to the plea. Demurrer sustained (*Robinson, J.,*) and appeal by the state. The case is fully stated in the opinion.

*G. E. Terry,* for the State.

State *v.* Meehan.

*J. O'Neill* and *J. W. Coogan*, for the appellee.

CARPENTER, J.   This is an information by the attorney for the state for New Haven County against the defendant for manslaughter, in the Superior Court in that county held in Waterbury.   The defendant is a locomotive engineer, and is charged with so negligently managing and controlling his engine as to cause the death of one Younglove. The deceased was injured in Litchfield County, and was carried to Waterbury in New Haven County, where he subsequently died.   A plea to the jurisdiction was sustained by the Superior Court, and the state appealed.

The jurisdiction of the courts in matters criminal is regulated by statute.   Section 1618 provides that " every person charged with any offense shall be tried in the county wherein it shall have been committed, except when it is otherwise provided."

The contention of the state is, that the exception means when it is otherwise provided *by law*.   Then two ancient English statutes are cited for the purpose of showing that by the common law of England, in a case like this, the accused might be prosecuted in either county.   And it is further claimed that the common law of England is in force in this state, so that it is otherwise provided *by law*.   If this is so then the whole subject of criminal jurisdiction in this state, so far as the common law applies, is relegated to the common law.   That could not have been the intention of the legislature.   The whole matter of venue was intended to be regulated by statute.   And the meaning of the statute is that, except when otherwise regulated by *statute*, persons charged with crimes should be tried in the county where the offense was committed.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.