The defendants are charged jointly in the information in three separate counts with violations of section6194 of the General Statutes. Revision of 1930 (Breach of the Peace), which it is alleged were committed on a railroad passenger car operated by the New Haven Railroad Company. The first count charges offenses committed within the City of New London; the second count, offenses committed while in transit through towns in New Haven, Middlesex and New London counties; and the third count, offenses committed on the boundary line, or so near thereto as to make it doubtful whether they were committed in Middlesex or New London county. The defendants have filed a plea to the jurisdiction to so much of the second count as charges the commission of offenses while in transit through towns in New Haven and Middlesex counties on the grounds: (1) That this Court has no jurisdiction to try the alleged offenses occurring in New Haven and Middlesex counties; and (2) That insofar as section6473 of the General Statutes, Revision of 1930, attempts to confer jurisdiction in this Court to prosecute such alleged offenses, it is unconstitutional and void, as it violates sections 9and 21 of Article First of the Constitution of this State.
So far as concerns the alleged offenses committed in the counties of New Haven and Middlesex, the prosecution before this Court is predicated upon section 6473 of the General Statutes,Revision of 1930, which provides: "Each person charged with any offense shall be tried in the county wherein it shall have been committed, except when it is otherwise provided; and, when theft shall be committed in one county and the property stolen shall be carried into another county, the offender may be tried in either county. Any person arrested for an offense committed upon a car or steamboat may be prosecuted before any court in the same manner as if such offense had been committed in the town in which such court is held." This is the general statute covering venue of criminal prosecutions. It specifically requires that any person charged with any offense shall be tried in the county where it shall have been committed, except when it is otherwise provided. This exception has been held to mean "except when otherwise regulated by statute." State vs. Meehan, 62 Conn. 126.
The only specific exception contained in this statute itself covers prosecution for theft, either in the county where the *Page 508 
goods were stolen, or in the county to which they were taken. It seems clear that under the last paragraph of this statute the words "any court" must be construed as a court which would have had jurisdiction if the offense had actually been committed in the town where the court is held, and it seems equally clear that the legislature intended that any such court should have jurisdiction of such an offense committed within the county, although not in the town, where the court is held. The effect of this provision is to permit the prosecution of such offenders in any town in the county where the offense is committed, in the same manner as if the offense had been committed in the town where the court is held. Without such provision, a justice of the peace or a town, city or borough court would have jurisdiction only in the town where the offense is committed.
But does this statute authorize any such court to take jurisdiction over such offenses not committed within the county in which the court is held? Certainly such jurisdiction is not directly authorized by the words of the statute. The first part of the statute has to do with counties and limits the trial of all criminal prosecutions to the county in which the offenses were committed. In the last paragraph of the statute there is no reference at all to a county. The statute does not say that any person arrested for such an offense may be prosecuted before any court in any county, nor does it say that the offenses referred to therein may be prosecuted in the same manner as if such offenses had been committed in the town or county in which such court is held.
Under the general rule of the common law, all offenders charged with crimes must be tried in the county where the crimes were committed, with certain exceptions which are not important in this connection. Revision of Swift's Digest, Vol.2, side page 374; Cooley's Constitutional Limitations, Vol. 1,page 676. In this State, this common-law rule was early adopted as a statutory rule. Statutes of Connecticut, Revisionof 1821, Title 22, § 96.
The last paragraph of this statute (§ 6473) apparently originated in Chapter CXXXVI of the Public Acts of 1867, which provided for the appointment of railroad and steamboat police, and authorized such police to arrest without previous complaint or warrant all persons "as are guilty of drunkenness, profane swearing, sabbath-breaking, vagrancy, disorderly conduct, tumultuous and offensive carriage, breaches of the peace, *Page 509 
assaults, and other offenses, when such offenses shall be committed upon the premises, cars or vessels of the railroad or steamboat company . . . ." This act made it "lawful for any justice of the peace in the county in which such offense maybe committed, to proceed to trial and to render judgment without previous complaint and warrant upon persons so arrested, in the same manner as if they had been arrested upon process issued by such justice . . . . and provided further, that no person arrested as aforesaid shall be taken for trial out of thetown where the offense is committed, unless the offense is committed upon railroad cars propelled by steam, or steamboats while in motion."
In the Revision of 1875, the original Act of 1867 was divided into two sections. The first part, found on page 33 of the Revision, relates to appointment of railroad policemen, while the part relating to the arrest and prosecution of the offenders is found on page 532 of that Revision, as follows: "All persons, arrested by railroad or steamboat policemen, for offences committed upon cars or steamboats when in motion, may be prosecuted before any court, in the same manner as if such offences had been committed in the town in which the court is held."
In 1886, this statute was amended (Chapter LII of PublicActs of 1886), by striking out of the 1875 revision the words "in motion" and the words "arrested by railroad or steamboat policemen" so that the statute of 1886 assumed almost the exact wording of the present statute, as follows: "All persons arrested for offenses committed upon cars or steamboats may be prosecuted before any court in the same manner as if such offenses had been committed in the town in which such court is held."
On the whole, it seems to me that the last paragraph of this statute (§ 6473) in reference to offenses committed on cars and steamboats, when read in connection with the entire act and in the light of preexisting legislation on the subject, indicates that the legislature did not intend to except the trial of such offenses from the general provisions of the statute that "each person charged with any offense shall be tried in the county wherein it shall have been committed." Furthermore, to give this provision the broad construction claimed by the State would result in creating a criminal judicial district in the State extending wherever railroad cars are operated, and permit the trial in any county of an offense committed in any other *Page 510 
county. I do not think that such was the intention of the legislature, and I am inclined to believe that if such a construction is given to this statute, it would violate the provisions ofsection 21 of Article First of our State Constitution.
As before pointed out, under the common law persons accused of crime, with few exceptions, must be tried in the county wherein the crime was committed, and are entitled to trial by jury drawn from the county. It is unnecessary for the purposes of this decision to recite the historical facts of the growth of the right of trial by jury, or to attempt to examine minutely into the status of that right as it existed at the time of the adoption of our State Constitution in 1818. These matters are learnedly discussed in the opinion of the Supreme Court of Errors written by Justice Hamersley in the case ofState vs. Gannon, 75 Conn. 206, and that opinion furnishes considerable support for the claim that in criminal prosecutions, trial by a jury of the county is one of the essential features of trial by jury as it existed when our State Constitution was adopted. Justice Hamersley says (p. 219): "Trial by jury is a practical mode of administering justice. It is not the outcome of a perfect theory, but a somewhat cumbrous process developed from diverse experiences and finally adopted as the best attainable in certain kinds of litigation, for ascertaining facts from evidence and applying to them settled principles of law. The triers of fact are selected for each case from the body of the county, in reliance on the probable justice of a conclusion of fact which has received their unanimous approval." And on page 226: ". . . . when in 1818 our Constitution declared `the right of trial by jury shall remain inviolate,' it referred to a trial by jury the same in its essential features as the jury trial at common law, which had been adopted by the Constitution of the United States and by the constitutions of other States." And on page 232: ". . . . the nature and character of `trial by jury,' as a political right, are contained in the broad language of § 21: `The right of trial by jury shall remain inviolate,' i.e. the institution of jury trial, in all its essential features as derived from our ancestors and now existing by force of our common law as a political right, shall not be changed, but shall remain inviolate."
In the case of State vs. Main, 69 Conn. 123, 131, the Court, in an opinion by Justice Baldwin, said: "The Constitution, in providing that the right of trial by jury should remain inviolate, was designed to perpetuate its essential characteristics. *Page 511 
as they existed at common law . . . ."
It seems to me that a statutory provision for trial of criminal prosecutions in a county other than the county wherein the offenses are committed, is something more than a mere regulation of the right of trial by jury such as was involved in the cases of Beers vs. Beers, 4 Conn. 535; Colt vs. Eves,12 Conn. 243; Curtis vs. Gill, 34 Conn. 49, and McKay vs. FairHaven W. R. Co., 75 Conn. 608.
Many of the state constitutions expressly provide for trial in the county or district wherein the offense is committed. In the cases of Swart vs. Kimball, 43 Mich. 443, 5 N.W. 635,and People vs. Brock, 149 Mich. 464, 112 N.W. 1116, it appears that the constitution of Michigan in force at the time these cases were decided provided that the right of trial by jury should remain inviolate, and it was held that a statute which provided for a trial elsewhere than in the county wherein the offense was committed was invalid. A similar ruling was made in the case of People vs. Powell, 87 Cal. 348,25 P. 481, 11 L.R.A. 75, that under the constitutional provision then in force that the right of trial by jury should remain inviolate, a statutory provision for trial elsewhere than in the county wherein the offense was committed was invalid.
In Massachusetts and Vermont, the constitutional provisions as to the right of trial by jury are not as definite as our provision, and in each of those states it has been held that a statute providing for criminal prosecutions in a county other than the one wherein the crime was committed, was not invalid.Commonwealth vs. Parker, 2 Pick. (Mass.) 550; State vs.Brown, 103 Vt. 312, 154 A. 579.
There are many cases cited in the carefully prepared briefs filed by counsel for the State and for the defendants which it is unnecessary for me to consider other than to say that there is a decided lack of uniformity in the decisions. Many of these cases are found in the annotations in 11 A. L. R. at page1020 and 76 A. L. R. at page 1034. However, it appears to me that the weight of authority in construing a constitutional provision such as ours that "the right of trial by jury shall remain inviolate," is that the common-law rule of trial by jury of the county was an essential feature of the right of trial by jury under the common law at the time the several state constitutions were adopted, and that it is protected by such constitutional provision. *Page 512 
For all the reasons above given, it is my opinion that the statute in question should be construed as restricting the jurisdiction of offenses committed on railroad cars to courts of proper jurisdiction in towns in the county where such offenses are committed, and I therefore sustain the plea to the jurisdiction which is directed to so much of the second count of the information as alleges offenses committed in the counties of New Haven and Middlesex. This still leaves in force the first count, charging offenses in the city of New London, also the second count, charging offenses in the towns of Waterford, East Lyme and Old Lyme, in New London County, and the third count, charging offenses on the border line between the counties of New London and Middlesex.
 The defendants are properly charged jointly in the first and third counts, and the demurrer to these counts is, therefore, overruled.