[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Re: Motion for Change of Venue
Before the court is the State of Connecticut's motion for change of venue, dated February 8, 2001. The court heard evidence and oral argument and reserved decision on March 1, 2001.
The procedural background of this case is extensive, and the court will not recount it here in full. It is sufficient to state that the information, charging the defendant with the murder of one Martha Moxley in Greenwich in October, 1975, was transferred from the Juvenile Division CT Page 5240 of the Superior Court in the judicial district of Stamford-Norwalk (Stamford) to the Adult Criminal Division of the Superior Court in the Stamford judicial district. On page seven of the decision ordering the transfer, the court, Dennis, J., fixed venue in the judicial district of Stamford-Norwalk, as "[the district] is the most appropriate venue at this time." In re Michael S., judicial district of Stamford-Norwalk at Stamford, Docket No. DL00-01028 (January 31, 2001, Dennis, J.). The State filed with this court the instant motion for change of venue to the judicial district, of Fairfield at Bridgeport (Fairfield). The defendant timely objected.
The State argues, foremost, that venue should be fixed in Fairfield because in 1975, the town of Greenwich, the location of the alleged offense, was part of the judicial district of Fairfield.
In 1980, General Statutes § 51-44, amended by Public Act 80-201, established the judicial district of Stamford-Norwalk and deleted its member towns, including Greenwich, from the judicial district of Fairfield. See Public Acts 1980, No. 80-201; § 5. Initially, the judicial district of Stamford-Norwalk had jurisdiction only over civil "matters and lesser criminal offenses; venue over serious felony offenses remained in Fairfield.[1] See Public Act 1980, No. 80-201, § 5. Stamford became a full judicial district able to hear all matters as of October 1, 1981.[2]
The State presented evidence at the hearing on this motion that following the 1981 amendment, the Stamford clerk's office and the State's Attorney in Stamford developed an administrative protocol. Under the established protocol, all serious felony offenses committed before October 1, 1981, were transferred to Fairfield, notwithstanding that venue fell within the new district and the arrest occurred after October 1, 1981. Apparently no more than six or seven such cases arose, and in none of them did defense counsel object to the transfer. The last case transfer occurred no later than approximately April, 1982.
A pivotal question is whether the 1981 amendment to General Statutes § 51-344, which eliminated venue in Fairfield for certain criminal actions occurring in towns within the Stamford-Norwalk judicial district, is procedural or substantive. "While there is no precise definition of either [substantive or procedural law], it is generally agreed that a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of enforcing such rights or obtaining redress. . . . Where the amendment is not substantive, i.e., not directed to the right itself but rather to the remedy, it is generally considered a distinctly procedural matter. Miller v. Kirshner,225 Conn. 185, 204, 621 A.2d 1326 (1993);" (Citations omitted, internal CT Page 5241 quotation marks omitted.) Davis v. Forman School, 54 Conn. App. 841,854-55, 738 A.2d 697 (1999); see also Rosario v. Hartford Hospital,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 539895 (May 5, 1995, Freed, J.) (14 Conn.L.Rptr. 209) ("substantive rights are generally defined as rights which take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty or attach a new disability in respect to transactions or considerations already past, as distinguished from remedies or procedural laws which merely prescribe methods of enforcing or giving effect to existing rights").
"In the construction of statutes, the presumptions are that substantive laws operate prospectively only, whereas procedural laws are to be applied retroactively;" Hasan v. Mastroianni, Superior Court, judicial district of Waterbury, Docket No. 94588 (June 16, 1990, Barnell, J.) The court determines that the 1981 amendment to § 51-344 is procedural in nature and does not effect a change in the substantive rights of either the State or the defendant. Therefore, the 1981 amendment should be applied retroactively and venue is appropriately in Stamford.
Furthermore, there is no indication in the 1980 public act that the legislature intended serious criminal matters occurring within the judicial district of Stamford prior to October 1, 1981, to be retroactively assigned to Fairfield for the indefinite future. See Public Acts 1980, No. 80-201, § 5.[3] "Absent an express legislative intent, a statute will not be applied retroactively, even if it is procedural, when considerations of good sense and justice dictate that it not be so applied. . . . These aids to legislative interpretation apply with equal force to amendatory acts which effectuate changes in existing statutes." (Internal quotation marks omitted.) Davis v. Forman School,
supra, 54 Conn. App. at 856.
"Statutory language is to be given its plain and ordinary meaning unless such meaning is clearly at odds with the legislative intent."State v. Taylor, 153 Conn. 72, 82, 214 A.2d 362 (1965), cert. denied,384 U.S. 921, 86 S.Ct. 1372, 16 L.Ed.2d 442 (1966). "The intention of the legislature, expressed in the language it uses, is the controlling factor and the application of common sense to the language is not to be excluded." United Aircraft Corp. v. Fusari, 163 Conn. 401, 410-11,311 A.2d 65 (1972).
Well established principles of statutory construction make it clear that the "fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . e. . . . In seeking to discern that intent, [the court is to] look to the words of the statute itself, to the. legislative history and circumstances surrounding its enactment, CT Page 5242 to the legislative policy it was designed to implement; and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) State v. Velasco, 253 Conn. 210, 219-20, 751 A.2d 800
(2000). "
Public Act 81-303, entitled "An Act Establishing Criminal Jurisdiction In The Judicial District of Stamford-Norwalk," deleted the provision in the 1980 public act that venue for prosecutions of capital felonies, class A, B or C: felonies "and unclassified felonies punishable by a sentence often years or more shall be in the Fairfield judicial district. See Public Acts 1981, No. 81-303, (12). Comments made by the judiciary committee on this amendment reveal' that the members were. concerned about juror problems created by keeping the Stamford-Norwalk criminal cases in the Fairfield judicial district.
 JUDGE SPONZO: As you know, effective January 1981, a new judicial district was carved out of the Fairfield "judicial district. And in carving this judicial district of Stamford-Norwalk, there was one area that remained in the Fairfield judicial district. Part A criminal cases that arise in the Stamford-Norwalk judicial district must be tried and disposed of in the Fairfield judicial district. This creates problems. Problems as far as jurors are concerned. And we would hope that you would make the Stamford-Norwalk judicial district a full judicial district handling all cases.
Conn. Joint Standing Committee Hearings, Judiciary, Pt. 1. 1981 Sess., p. 296, remarks of Judge Maurice J. Sponzo.[4]
Further discussion at the judiciary committee hearings reveals that the committee members were also concerned about the sufficiency of criminal facilities, available at Stamford-Norwalk.
 SEN. OWENS: Do you have a state's attorney and a G.A. in Stamford, and you have an office in Norwalk? So what you are saying is that the matters that would normally go to Bridgeport as so called Part A serious felony matters, correct, would stay in those two areas. Do you know if the facilities in Norwalk are such as to hold criminal. at this state, and the same thing in Stamford. Isn't that right?
 JUDGE SPONZO: I talked to Judge Levister[5] two or three weeks ago. Presently, we have a slight problem CT Page 5243 even considering Part B criminal cases. Discussions are underway with the Stamford officials to build or create a larger detention Center.
 SEN. OWENS: But other than that they're in place, in other words, is that right?
JUDGE SPONZO: That's my understanding, Senator.
Con. Joint. Standing Committee Hearings, Judiciary, Pt. 1, 1981 Sess., p. 297, remarks of Senator Howard T. Owens, Jr. and Judge Maurice J. Sponzo.
Discussion on the Senate floor makes it floor makes it clear that the purpose behind the creation of the Stamford-Norwalk judicial district was to relieve the overload situation in Bridgeport, which overload was due in part because the Fairfield judicial district in Bridgeport served the three large towns of Stamford, Norwalk and Bridgeport.
SENATOR SANTANIELLO:
 This expands the criminal jurisdiction of the Stamford-Norwalk District that was established last year which separated from the Fairfield judicial district which included the greater Bridgeport area. This would simply increase the classifications of crimes that can be handled in that judicial district to A, B and C felonies that carries penalties in excess of ten years. This was done, primarily Mr. President, because of the "overload situation in the Bridgeport area and the' fact that that particular judicial district, the old Fairfield judicial district, served three large towns, Mr. President, Norwalk, Stamford, and Bridgeport. . . . It's for the convenience of jurors and simply for the overload in the Bridgeport area. . . .
(Emphasis added.) 24 S. Proc. Pt. 8, 1981 Sess., p. 2514-15, remarks of Senator Alfred J. Santaniello, Jr.
Examination of the legislative history behind the two amendments forming the judicial district of Stamford-Norwalk reveals that this judicial district was initially created to relieve the Fairfield judicial district at Bridgeport of the civil case overload, and that certain criminal cases were retained in the Fairfield judicial district because of the lack of sufficient facilities in Stamford-Norwalk. Presently, the CT Page 5244 Stamford-Norwalk judicial district has sufficient facilities to hear all criminal matters. Therefore, the logistic concerns at issue in 1975, the time of the commission of the crime and "even later, when the Stamford-Norwalk judicial district was created, are not at issue in the present day. Accordingly there is no longer a need or cogent rationale to comply with the statute that once retained felony cases in the Fairfield judicial district. The Stamford-Norwalk judicial district is available and capable of maintaining venue of this criminal case. No legislative intent would have been furthered by fixing venue in Fairfield. Thus, venue is properly in the judicial district of Stamford-Norwalk.
This does not end the court's inquiry. Venue, having initially been fixed in this judicial district, may be transferred elsewhere as allowed by law. Thus, it is the fair prerogative. of a party to request a change of venue, as the State has here, if the law and circumstances warrant.
General Statutes § 51-352, entitled "Venue in criminal actions," provides in pertinent part as follows: "(a) Each person charged with any offense shall be tried in the judicial district[6] in which the offense was committed, except when it is otherwise provided." (Emphasis added.) The language "except when it is otherwise provided" as used in this context has been construed to mean "provided by statute." See State v.Meehan, 62 Conn. 126, 127 (1892); State v. McCoy, 5 Conn. Sup. 506, 507
(1938). The applicable statute[7] relating to a change of venue is General Statutes § 51-353, which provides in part that: "[a]ny judge holding a criminal session of the superior court may, upon motion, order any criminal case pending in the court to be transferred to the superior court for any other judicial district."
The practice book provision that pertains to transfer of venue in a criminal case, provides as follows:
 Upon motion of the prosecuting authority or the defendant, or upon its own Motion, the judicial authority may order that any pending criminal matter be transferred to any other court location:
 (1) If the judicial authority is satisfied that a fair and impartial trial cannot be had where the case is pending;
 (2) If the defendant and the prosecuting authority consent; or
 (3) Where the joint trial of informations is ordered pursuant to section 41-19 and cases are pending in CT Page 5245 different judicial districts or geographical areas.
Practice Book § 41-23.
General Statutes § 51-353 and Practice Book § 41-23 are not inconsistent, and should be read together. The court must presume that in adopting Practice Book § 41-23(1), the judges of the Superior Court "intended the rule not to alter the statute but to harmonize with it.State v. Matula, 2 Conn. Cir. Ct. 127, 129, 196 A.2d 124 (1963)." (Internal quotation marks omitted.) In re Dexter P., 43 Conn. Sup. 211,220, 648 A.2d 921 (1994). Moreover, "courts have an inherent power,independent of statutory authorization to prescribe rules to regulate their proceedings and facilitate the administration of justice as they deem necessary." (Emphasis added.) State v. Clemente, 166 Conn. 501,514, 353 A.2d 723 (1974). Therefore, a decision to transfer venue is not unfettered and must be guided by the applicable General Statutes and practice book provisions.
It is clear that none of the conditions of § 41-23 allowing for a change of venue are met in this case. There has been no claim that the defendant has an information pending elsewhere and, quite certainly, the defendant has not consented to a transfer. Moreover, no one has presently suggested that a fair and impartial trial cannot be had here. Finally, the State's position that a transfer is merited because a balance of hardships weighs against the case remaining here, is not well founded. That position is in the nature of a forum non conveniens argument, which is a common law principle. See Union Carbide Corp. v. Aetna Casualty Surety Co., 212 Conn. 311, 319, 562 A.2d 15 (1989). It is not embodied in the statutes or practice book provisions for criminal procedure. Since venue is statutory; see State v. Mcchan, supra, 62 Conn. 127; that doctrine has no place here. "Most state venue provisions do not authorize a change on convenience ground. . . ." 4 W LaFave, J. Israel, N. King, Criminal Procedure (2nd Ed. 1999) § 16.3(b). p. 548. "Only a few states have provisions broad enough to authorize change of venue to further the convenience of the prosecution and its witnesses." 4 W LaFave, J. Israel, N. King, Criminal Procedure (2nd Ed. 1999) § 16.3(e), p. 556 (specifically noting provisions in the states of Minnesota, Michigan, and Vermont).
In conclusion, the State has not met its burden under the applicable General Statutes or practice book provisions that allow for a change of venue.[8]
For the foregoing reasons, the State's motion for change of venue is denied. So ordered. CT Page 5246
Kavanewsky, J.